On petition for review filed February 10,* petition denied April 4, 1989

## PHILIP WADE McCLURE,
*Petitioner on Review,*

*v.*

## MAASS,
*Respondent on Review.*

(TC 87-C-10178; CA A48629; SC S35870)

771 P2d 275

John E. Storkel, Salem, for petitioner on review.

No appearance *contra.*

Linde, J., dissented and filed an opinion in which Gillette, J., joined.

---

* Appeal from judgment of Marion County Circuit Court, Richard D. Barber, Judge. 94 Or App 564, 767 P2d 120 (1988).

**LINDE, J.,** dissenting.

Petitioner sought post-conviction review of the judgment and sentence upon his conviction of several felonies. He previously had appealed and thereafter unsuccessfully sought post-conviction relief. In this second petition for post-conviction relief, petitioner alleges inadequate representation by his trial and appellate counsel. The circuit court dismissed the petition on grounds that it had "no jurisdiction to hear the present petition," citing ORS 138.550(3).[1] The Court of Appeals affirmed the judgment of dismissal without an opinion.

Although the petition for post-conviction relief did not allege inadequate representation by counsel in the first post-conviction proceeding, the state's brief in the Court of Appeals argued that "that is exactly what petitioner is doing." The state then cited two decisions of the Court of Appeals for the proposition that inadequate representation by post-conviction counsel in pursuing an arguably decisive flaw in the trial or appeal cannot be the basis for a further post-conviction proceeding. *Hetrick v. Keeney,* 77 Or App 506, 713 P2d 688, *rev den* 300 Or 722 (1986); *Page v. Cupp,* 78 Or App 520, 717 P2d 1183, *rev den* 301 Or 338 (1985).

I would allow the petition in order to review the circuit court's holding that it lacked jurisdiction to decide the second post-conviction proceeding. The proposition in ORS 138.550(3) that grounds not asserted in a previous post-conviction petition are "deemed waived" does not appear to be jurisdictional. To the contrary, the clause continues with an exception if the court hearing a subsequent post-conviction petition finds grounds that could not reasonably have been raised earlier. A court cannot examine a subsequent petition for such grounds unless it has jurisdiction over the petition. And despite the occasional weakness of legislative drafters for

---

[1] ORS 138.550(3) provides:

"All grounds for relief claimed by petitioner in a petition pursuant to ORS 138.510 to 138.680 must be asserted in the original or amended petition, and any grounds not so asserted are deemed waived unless the court on hearing a subsequent petition finds grounds for relief asserted therein which could not reasonably have been raised in the original or amended petition. However, any prior petition or amended petition which was withdrawn prior to the entry of judgment by leave of the court, as provided in ORS 138.610, shall have no effect on petitioner's right to bring a subsequent petition."

prescribing what shall be "deemed" to have occurred, whenever a convicted defendant's actual waiver of a right is an issue of fact, examination of that fact cannot be short-circuited by a conclusive statutory inference.

Behind the statements concerning post-conviction jurisdiction and issues that are "deemed waived," there lies a genuine problem. The post-conviction relief act was enacted 30 years ago to substitute a single rational system for a hodge-podge of doubtful remedies. *See* Collins and Neil, *The Oregon Postconviction-Hearing Act,* 39 Or L Rev 337 (1960). Besides providing a judicial procedure for post-appeal attacks on criminal judgments, the statute also provided for assigned counsel for indigent defendants. ORS 138.590. Assistance of counsel was needed to present the convicted person's legal claims; it also could be expected to make multiple post-conviction petitions unnecessary. But those purposes relied on adequate professional representation by competent post-conviction counsel; otherwise, there would be no more assurance that the original trial was fairly conducted and resulted in a legal conviction and sentence than without a post-conviction procedure. The drafters recognized that the post-conviction relief act could not cut off a petition for a writ of habeas corpus in this court, *see* Or Const Art VII (Amend), § 2; ORS 138.530(3);[2] Collins and Neil, *supra,* 39 Or L Rev at 347, but the convicted person may not be imprisoned or otherwise in custody.

The problem, therefore, is whether a showing that failure to obtain review of a plausible post-conviction claim was due to a failure of counsel appointed under ORS 138.590 can only be brought to this court by a petition for a writ of habeas corpus, or whether it can be presented to the circuit court as a reason to hold the previous post-conviction proceeding incomplete or not conclusive under the statute.

I express no opinion on the answer. I also express no opinion on the merits of petitioner's claim to post-conviction relief. It may have none. The question, however, is what relief

---

[2] ORS 138.530(3) provides:

"ORS 138.510 to 138.680 shall not be construed to limit the original jurisdiction of the Supreme Court in habeas corpus as provided in the Constitution of this state."

would be available to a convicted person who shows unmistakable, decisive grounds for the invalidity of a conviction or sentence which assigned counsel failed to present to a post-conviction court.[3] I am not prepared to assume without examination that the legislature left such a person with no legal remedy other than a writ of habeas corpus from this court, or perhaps none at all. I therefore would allow the present petition for review.

Gillette, J., joins in this dissenting opinion.

---

[3] This court's opinion in *Church v. Gladden*, 244 Or 308, 417 P2d 993 (1966), does not dispose of the question. There the petitioner alleged that he had urged certain grounds of post-conviction relief on his attorney that the attorney refused to pursue. In that situation, the court held, "petitioner could not sit idly by and later complain. He must inform the court at first opportunity of his attorney's failure and ask to have him replaced, or ask to have him instructed by the court to carry out petitioner's request"; instead, the petitioner "acquiesced" in his attorney's failure to pursue those issues. 244 Or at 311-312. Something similar may have occurred here.

The statute itself contemplates a procedure for dealing with a convicted person's claims which appointed counsel deems baseless; counsel is to inform his client and notify the circuit court by filing an affidavit to that effect. ORS 138.590(4).