Submitted on record and briefs June 21, affirmed December 4, 1991, reconsideration denied February 5, petition for review denied March 24, 1992 (313 Or 74)

## PHILIP WADE MCCLURE,
*Appellant,*

*v.*

## Manfred MAASS,
*Respondent.*

(89-C-11288, 90-C-11651;
CA A66008 (Control), A66410)

821 P2d 1105

Noel Grefenson, Salem, filed the brief for appellant.

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Janet Metcalf, Assistant Attorney General, Salem, filed the brief for respondent.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

DE MUNIZ, J.

## DE MUNIZ, J.

Plaintiff appeals from judgments dismissing his two petitions for writs of *habeas corpus*. He contends that he can collaterally attack his judgment of conviction by a *habeas corpus* proceeding in which he alleges that he was denied effective assistance of counsel at trial, on appeal and in a previous post-conviction proceeding. We hold that he is barred from collaterally attacking his conviction, and affirm.

Plaintiff was convicted in 1983 of rape, sodomy, kidnapping and robbery. After an unsuccessful appeal, he filed a petition for post-conviction relief, alleging ineffective assistance of his trial and appellate counsel. The post-conviction court denied relief; we affirmed without opinion; and the Supreme Court denied review. *McClure v. Keeney*, 81 Or App 445, 725 P2d 613, *rev den* 302 Or 460 (1986). Plaintiff then filed a second petition for post-conviction relief, alleging that his trial and appellate counsel were ineffective, because they had failed to raise two sentencing issues.[1] Those issues had not been raised in the first post-conviction proceeding. The post-conviction court dismissed the second petition, because it

> "ha[d] not found any grounds for relief asserted in the present petition which could not reasonably have been raised in the original or amended petition."[2]

We affirmed that decision without opinion, and the Supreme Court again denied review. *McClure v. Maass*, 94 Or App 564, 767 P2d 120 (1988), *rev den* 307 Or 606 (1989).

---

[1] In his second post-conviction petition, he alleged that trial and appellate counsel were ineffective, because they failed to raise these arguments:

"a) The crimes for which Petitioner was convicted involve a single criminal episode and a single criminal objective. Consequently, the court should have merged the crimes instead of imposing multiple consecutive sentences for those alleged crimes.

"b) The court ordered Petitioner to serve multiple sentences which were to run consecutively to a term of incarceration for parole violation. At the time of receiving the multiple consecutive sentences the term of incarceration for parole violation was unexecuted."

[2] ORS 138.550(3) provides, in part:

"All grounds for relief claimed by petitioner in a petition pursuant to ORS 138.510 to 138.680 must be asserted in the original or amended petition, and any grounds not so asserted are deemed waived unless the court on hearing a subsequent petition finds grounds for relief asserted therein which could not reasonably have been raised in the original or amended petition."

Plaintiff then filed a petition for a writ of *habeas corpus*, raising the same sentencing issues as his second post-conviction petition. In addition, he alleged that his first post-conviction counsel was ineffective for not raising those arguments in the first post-conviction proceeding. The court dismissed the petition on the ground that it did not state a claim. Plaintiff then filed another petition for a writ of *habeas corpus*. He alleged an array of issues, which he claimed were the products of ineffective trial and appellate counsel, and a violation of due process.[3] The circuit court dismissed that petition as well. Plaintiff appeals the dismissal of both *habeas corpus* petitions, and we granted his motion to consolidate the appeals.

Plaintiff asserts that, by dismissing his *habeas corpus* petitions, the court impermissibly construed the Post-Conviction Hearing Act to provide less relief than would have been available in *habeas corpus* before May 26, 1959.[4] He also asserts that, if he cannot challenge the effectiveness of his first post-conviction counsel in a subsequent post-conviction proceeding, he should be able to do so by *habeas corpus*. Defendant responds that the issues that plaintiff seeks to raise in *habeas corpus* are barred, because plaintiff failed to raise them in his first post-conviction proceeding.

Plaintiff concedes that the allegations in his *habeas corpus* petitions are identical to those in the second post-conviction proceeding. His concession is not quite correct, however, because the allegation that he was denied effective assistance of counsel in the first post-conviction proceeding is new. He now claims that the sole reason that the grounds stated in his second post-conviction petition "could not reasonably have been raised" in his earlier petition was because his appointed counsel in the first proceeding was ineffective.

---

[3] His allegations included this curio:

"Plaintiff was denied due process * * * when prosecutor * * * [m]ade derogatory comments about the defendant (plaintiff) to the press after the jury's verdict."

[4] ORS 138.530(2) provides, in part:

"Whenever a person petitions for relief under ORS 138.510 to 138.680, ORS 138.510 to 138.680 shall not be construed to deny relief where such relief would have been available prior to May 26, 1959, under the writ of habeas corpus * * *."

He raises two theories of ineffective assistance of counsel. First, he argues that he urged his first post-conviction attorney to raise a merger issue in that proceeding and his lawyer refused to do so. Second, he argues that he was denied effective representation because his post-conviction attorney failed to discover that the trial court had erroneously imposed consecutive sentences and did not bring that error to the post-conviction court's attention. Plaintiff's arguments rest on a fundamental misunderstanding of the role of appointed counsel in a post-conviction proceeding, and we reject them.

 In *Church v. Gladden*, 244 Or 308, 311, 417 P2d 993 (1966), the Supreme Court held:

> "If petitioner's attorney in the first post-conviction proceeding failed to follow any legitimate request, petitioner could not sit idly by and later complain. He must inform the court at [the] first opportunity of his attorney's failure and ask to have him replaced * * *."

*Church* establishes that a post-conviction petitioner has the responsibility to see that all issues that he wants raised in the post-conviction proceeding are brought to the court's attention. A petitioner's failure to bring counsel's refusal to raise an issue to the trial court's attention in the first post-conviction proceeding bars subsequent post-conviction litigation on that issue. *Church v. Gladden, supra*; ORS 138.550(3). Issues that were raised, or that could have been raised, in post-conviction proceedings may not be relitigated in a subsequent *habeas corpus* proceeding. *Jensen v. Gladden*, 233 Or 439, 378 P2d 950 (1963). Plaintiff did not alert the trial court in the first post-conviction proceeding to his appointed counsel's refusal to raise the merger issue. Consequently, he is barred from raising the merger issue now in *habeas corpus*.

Plaintiff also argues that his first post-conviction counsel was ineffective, because he failed to challenge the imposition of consecutive sentences. Plaintiff does not contend that he asked his lawyer to raise that issue in the first post-conviction proceeding. Instead, his argument rests on his assumption that "post-conviction counsel [must] properly raise all of the issues." Plaintiff is wrong.

The Post-Conviction Hearing Act was not intended to provide a second appeal. *Delaney v. Gladden*, 232 Or 306, 308, 374 P2d 746 (1962). ORS 138.590 provides, in part:

"(2) If the petitioner wishes to proceed as an indigent person, the person shall file with the petition an affidavit stating inability to pay the expenses of a proceeding pursuant to [the Act] or to employ suitable counsel for such proceeding. * * * If the circuit court is satisfied that petitioner is unable to pay such expenses or to employ suitable counsel, it shall order that petitioner proceed as an indigent person. * * *

"(3) In the order to proceed as an indigent person, the circuit court shall appoint suitable counsel to represent petitioner."

The plain meaning of those words shows that the order appointing counsel *follows* the filing of the petition for post-conviction relief. The petitioner, not his subsequently appointed counsel, has the duty to file the petition. Concomitant with the duty to file the petition is the duty to select the issues that the petitioner wants to litigate.

Obviously, appointed counsel may seek to amend the petition to allege petitioner's claims more artfully or to include additional meritorious issues that the petitioner did not discover. However, once appointed, post-conviction counsel is not obligated to scour the record to unearth every conceivable challenge to the lawfulness of the petitioner's conviction or sentence. The responsibility for discerning and selecting the issues for litigation rests with the petitioner. Plaintiff's failure to raise the issue of consecutive sentencing in the first post-conviction proceeding, either through counsel or on his own, barred subsequent litigation of that issue under the Post-Conviction Hearing Act. ORS 138.550(3). Consequently, he is barred from raising that issue now in *habeas corpus. Jensen v. Gladden, supra.*

Finally, plaintiff argues that the Post-Conviction Hearing Act, as applied to him, provides a narrower remedy than would have been available in *habeas corpus* before May 26, 1959. The linchpin of plaintiff's argument is that, before May 26, 1959, failure to raise an issue in an initial *habeas corpus* proceeding would not have barred litigation of that issue in a subsequent *habeas corpus* proceeding. Plaintiff is wrong. In 1958, the Supreme Court held:

"[A] denial of the writ of habeas corpus is res judicata on a subsequent application for the writ, not only upon grounds which *were* alleged, but also upon grounds which *could have been alleged* in the prior habeas corpus proceeding." *Barber v. Gladden*, 215 Or 129, 134, 332 P2d 641 (1958). (Emphasis in original.)

Plaintiff blames his failure to raise the two sentencing issues in the first post-conviction proceeding on his counsel's inadequacy. Accordingly, the issue is whether a *habeas corpus* plaintiff, in a collateral attack on his conviction, could have challenged the adequacy of previous *habeas corpus* counsel. *Habeas corpus* in Oregon is a civil proceeding. *Barber v. Gladden*, 210 Or 46, 49, 298 P2d 986 (1957); *Atkeson v. Cupp*, 68 Or App 196, 198, 680 P2d 722, *rev den* 297 Or 546 (1984). The Oregon Constitution guarantees counsel only in criminal proceedings. Or Const, Art I, § 11. Any right to counsel in a civil proceeding arises under state law, if at all, by statute. No Oregon statute guarantees the appointment of counsel for an indigent *habeas corpus* plaintiff.[5]

The absence of a right to counsel before May 26, 1959, means that the burden of selecting the issues in *habeas corpus* at that time rested with the plaintiff, not with an appointed attorney. We conclude that, under the facts in this case, counsel's failure to raise issues in a *habeas corpus* petition would not have provided grounds for relief before the enactment of the Post-Conviction Hearing Act. Plaintiff's petitions would not have stated a claim in 1959. They do not now.

Affirmed.

---

[5] ORS 34.355 contemplates, but does not guarantee, appointment of counsel for a *habeas corpus* plaintiff. It provides, in part:

"If counsel is appointed by a court to represent in an initial proceeding by habeas corpus or on appeal as provided in ORS 34.710, a person who is imprisoned or otherwise restrained of liberty by virtue of a charge or conviction of crime and who is unable to afford counsel, the court shall determine and allow compensation for counsel and costs and expenses of the person in the proceeding or on appeal."

ORS 34.710 does not mention appointment of counsel. ORS 34.355 was enacted in 1979. Or Laws 1979, ch.867, § 17. Before that, no Oregon statute mentioned appointment of counsel in *habeas corpus* proceedings.