Argued and submitted September 11, 1992, affirmed November 3, 1993

## DANIEL ALLEN TEMPLE,
*Appellant,*

*v.*

## Carl ZENON,
Superintendent,
Oregon State Correctional Institution,
*Respondent.*

(89C12050; CA A72380)

862 P2d 585

David B. Kuhns argued the cause and filed the brief for appellant.

Kaye E. Sunderland, Assistant Attorney General, argued the cause for respondent. With her on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General.

Before Richardson, Chief Judge, and Deits and Durham, Judges.

DURHAM, J.

## DURHAM, J.

Petitioner appeals from the denial of his petition for post-conviction relief. He assigns error to the denial of his motions to amend the petition and to obtain a new appointed attorney and the denial of the petition.

Petitioner was convicted of burglary and unauthorized use of a vehicle. ORS 164.225; ORS 164.135. His appeal from the judgment was unsuccessful. On October 24, 1989, he filed this petition, claiming denial of his right to trial counsel and ineffective assistance of appellate counsel. On November 28, 1989, his post-conviction counsel filed an amended petition. On May 14, 1991, petitioner requested that counsel file a second amended petition, adding approximately 35 new claims.[1] Petitioner received no response to his request, and his attorney did not file a second amended petition. On the day of his hearing, August 22, 1991, petitioner requested that the court allow him to amend his petition to add the new claims and appoint a new post-conviction attorney. The court denied both motions and denied his petition for post-conviction relief.

■     Petitioner assigns error to the denial of his motion to amend his petition. A trial court has broad discretion to allow amendment of pleadings. *Hall v. Fox*, 106 Or App 377, 380, 808 P2d 99 (1991). ORS 138.610 provides, in part:

> "No further pleadings shall be filed except as the court may order. * * * The court may make appropriate orders as to the amendment of the petition or any other pleading, or as to the filing of further pleadings or as to extending the time of the filing of any pleading other than the original petition."

Leave to amend pleadings "shall be freely given when justice so requires." ORCP 23A.

---

[1] We would complicate this opinion unnecessarily by listing all of petitioner's new claims. Instead, we summarize several as examples.

Petitioner claimed that the petition should be amended to argue that the trial judge refused to permit the jury to visit the scene at night, refused to authorize an eye examination for one elderly witness, denied petitioner representation by counsel, restricted petitioner's testimony, and denied him trial preparation materials, such as a textbook on fingerprints and transcripts of pretrial motion hearings. He also contended that his trial "adviser" was inadequate because he failed to make various arguments and worked with the prosecutor and judge behind petitioner's back. He also claimed that his appellate counsel was inadequate, because he did not appeal on all requested grounds.

■ Petitioner argues that justice required that he be allowed to amend, because the denial effectively foreclosed his ability to be heard on those issues. Post-conviction relief is the exclusive method in Oregon for collaterally attacking a conviction. ORS 138.540.[2] Moreover,

> "[a]ll grounds for relief claimed by petitioner in a petition pursuant to ORS 138.510 or 138.680 must be asserted in the original or amended petition, and any grounds not so asserted are deemed waived unless the court on hearing a subsequent petition finds grounds for relief asserted therein which could not reasonably have been raised in the original or amended petition." ORS 138.550(3).

If a post-conviction attorney fails or refuses to raise a legitimate issue, the petitioner must promptly inform the court so that the court may rectify any problem. In *Church v. Gladden*, 244 Or 308, 311, 417 P2d 993 (1966), the court said:

> "If petitioner's attorney in the first post-conviction proceeding failed to follow any *legitimate request*, petitioner could not sit idly by and later complain. He must inform the court at *first opportunity* of his attorney's failure and ask to have him replaced, or ask to have him instructed by the court to carry out petitioner's request." 244 Or at 311. (Emphasis supplied.)

■ Petitioner claimed that he was surprised to learn on the eve of trial that his attorney had not amended the petition to include his new claims. The court refused to permit an amendment because the request was made on the day of trial and the attorney's decision not to include the requested amendments was correct.[3]

---

[2] ORS 138.540(1) provides, in part:

"Except as otherwise provided in ORS 138.510 to 138.680, a petition pursuant to ORS 138.510 to 138.680 shall be the exclusive means, after judgment rendered upon a conviction for a crime, for challenging the lawfulness of such judgment or the proceedings upon which it is based."

[3] In denying petitioner's request to amend, the court said:

"My main reason for denying both your motions is that they are made today on the date of trial. Almost 100 percent of motions to amend a complaint on the day of trial are going to be denied by any judge unless both parties agree."

The court also found that petitioner's new claims were not legitimate:

"The reason we appoint an attorney for you and the reason that [your attorney] was appointed is that she is perfectly capable of representing you the way you should be represented. I think she was correct in not amending the Petition to the extent of including all of the complaints you've made there. That's because

The court reasonably concluded that, because more than three months had elapsed from the time of petitioner's correspondence to counsel and the date of trial, he had sat idly by and was complaining too late. The court was not required to accept his implicit assertion that the day of trial was his first opportunity to alert the court to the attorney's failure to amend.

It is petitioner's duty, when filing the first petition, to select the issues that he wants to litigate. *McClure v. Maass*, 110 Or App 119, 124, 821 P2d 1105 (1991), *rev den* 313 Or 74 (1992). If the new issues are as important as he claims, we see no reason why he failed to include them in his original petition. He did not explain to the court why his new claims might change the outcome of the proceeding. His counsel generally explained that she had reviewed his new claims and concluded that only the issues regarding waiver of trial counsel and adequacy of appellate counsel had arguable merit, and she was prepared to proceed on those issues. We have reviewed petitioner's requested amendments and conclude that they are either subsumed in the allegations of the first amended petition, raise no prejudicial error or are incomprehensible. We find no abuse of discretion in the refusal to permit an amendment.

Petitioner also challenges the denial of his request for a new counsel in this proceeding. We review the denial of a request for substitute counsel for abuse of discretion. *State v. Heaps*, 87 Or App 489, 493, 742 P2d 1188 (1987). ORS 138.590(3) provides that the circuit court "shall appoint suitable counsel" to represent indigent post-conviction petitioners.[4] Petitioner contends that his appointed attorney was not "suitable" because she submitted written argument supporting only one of the three grounds for relief raised in the

---

she has legal training. She knows what the Court will listen to and what the Court won't listen to."

[4] ORS 138.590 provides, in part:

"(1) Any petitioner who is unable to pay the expenses of a [post conviction] proceeding * * * may proceed as an indigent person * * *.

"* * * * *

"(3) In order to proceed as an indigent person, the circuit court shall appoint suitable counsel to represent petitioner."

post-conviction petition and did not keep petitioner informed regarding his request to add new issues to the petition. However, petitioner's only complaint at the time he requested substitute counsel was that his attorney failed to add the 35 additional claims to his petition. The trial court did not abuse its discretion when it denied the request for substitute counsel.

■ ■ Petitioner also assigns error to the denial of his petition for post-conviction relief. Our review of the denial of the petition is limited to errors of law and whether the facts found by the post-conviction court are supported by the record. *Yeager v. Maass*, 93 Or App 561, 564, 763 P2d 184 (1988), *rev den* 307 Or 340 (1989). Petitioner challenges the post-conviction court's determinations that he voluntarily waived his right to trial counsel, and that the trial court did not err in refusing to permit him to simultaneously represent himself and have his appointed legal advisor actively represent him as co-counsel. Petitioner may not raise those claims in his post-conviction proceeding because he could have asserted them in a direct appeal and did not do so. ORS 138.550(2).[5] *See State v. Meyrick*, 313 Or 125, 135, 831 P2d 666 (1992). The court did not err.

■ Petitioner assigns error to the post-conviction court's conclusion that his appellate attorney adequately represented him. To prevail on that claim, he must establish

"(1) that a competent appellate counsel would have asserted the claim, and (2) that had the claim of error been raised, it is more probable than not that the result would have been different." *Guinn v. Cupp*, 304 Or 488, 496, 747 P2d 984 (1987).

He alleges that a competent appellate attorney would have raised the trial court's denial of his motion to suppress, motion for continuance and request for a jury instruction. After reviewing the record, we conclude that none of those

---

[5] ORS 138.550(2) provides, in part:

"When the petitioner sought and obtained direct appellate review of the conviction and sentence of the petitioner, no ground for relief may be asserted by petitioner in a [post-conviction] petition * * * unless such ground was not asserted and could not reasonably have been asserted in the direct appellate review proceeding."

arguments would have led, more probably than not, to a different result if his appellate counsel had raised them.

We reject the rest of petitioner's arguments without discussion.

Affirmed.