Submitted on records and briefs December 31, 1998, reversed and remanded
July 7, 1999

# DAVID LOREN COMBS,
## *Appellant,*

*v.*

# G. H. BALDWIN,
Superintendent,
## Eastern Oregon Correctional Institution,
### *Respondent.*

## (CV 96-1300; CA A99355)

984 P2d 366

David L. Combs filed the brief *pro se*.

Jas. Jeffrey Adams, Assistant Attorney General, filed the brief for respondent. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Edmonds, Presiding Judge, and Deits, Chief Judge, and Armstrong, Judge.

EDMONDS, P. J.

Deits, C. J., dissenting.

## EDMONDS, P. J.

Plaintiff appeals from a judgment dismissing his writ of habeas corpus. ORS 34.310 *et seq.* He assigns as error the failure of the trial court to inquire into the reasons that he sought substitution of appointed counsel. We reverse.

Plaintiff is an inmate at the Eastern Oregon Correctional Institution. Apparently, he committed the crimes for which he is incarcerated before 1993. In 1996, the board extended plaintiff's parole release date to October 2002. Plaintiff filed a *pro se* petition for a writ of habeas corpus, alleging, in part:

> "Plaintiff's parole date of 10-27-2002 is not legal because of ORS 144.125(3) [(]1993[).]
>
> "* * * Plaintiff argues that the change in ORS 144.125(3) increased the burden of his punishment because the amended statu[t]e has changed the parole release rules, and violates Article I, section 21 of the Oregon Constitution on ex post facto provisions."

He also filed an affidavit of indigence and moved that the trial court appoint counsel at public expense. The trial court granted his motion and appointed counsel. Defendant filed a return alleging that plaintiff's confinement was constitutional. Plaintiff's counsel then moved to withdraw, averring in an affidavit that "[p]laintiff has requested that this office withdraw from his case." The motion was denied at a hearing at which plaintiff was not present and at which he was not given an opportunity to explain the basis for his request.[1]

---

[1] At the hearing, the following colloquy between the trial court and plaintiff's counsel occurred:

"THE COURT: Okay. Let's take up [plaintiff's case]. [Counsel's] here. [Counsel], what do you want to say on this one?

"[COUNSEL]: Judge, back in January, he sent a letter asking me to file a motion to remove myself. He feels that there's a conflict of interest, with me representing him, in attaining his freedom.

"THE COURT: What's the conflict? Does he tell you or is it something you can reveal to me?

"[COUNSEL]: I don't know what the conflict would be exactly.

"THE COURT: I'll deny it so you will remain on the case."

Plaintiff's counsel then filed a replication that repeated the *ex post facto* allegation in the petition. Pursuant to ORS 34.680(1), defendant moved to dismiss the writ on the ground that plaintiff had failed to state or establish a ground for habeas corpus relief. The motion asserted that the parole board did not apply ORS 144.125 to postpone plaintiff's parole release date but instead relied on applicable administrative rules. The motion was set for oral argument. At argument, plaintiff was not present and there is nothing in the record to indicate that he was furnished the opportunity to express his position regarding defendant's motion by telephone or in writing. Defendant's counsel told the court, in part,

"In my Motion to Dismiss, I just address what [plaintiff] raises in his replication. He claims that the Board not issuing a release date for him and setting it to October 27th, 2002, he claims it was illegal."

Plaintiff's counsel's entire response was,

"Judge, [plaintiff], when I spoke to him, his complaint that he related to me and I put in the replication was he was claiming this really is a technical with a six-month maximum sanction. He apparently received an 86-month sanction.

"He also is making some claims of ex post facto and I also put those in the replication at his request."

The court ruled, "Your motion is well taken, [defendant's counsel]. It's dismissed. If you'll submit the order."

■        On appeal, plaintiff argues that

"[t]he trial court erred in summarily denying the motion to substitute counsel without adequately inquiring as to the Plaintiff's reasons for the motion. The court erred in failing to inquire into the nature of Plaintiff's conflict with counsel. * * *

"A plaintiff must be permitted to state the reasons why he believes that appointed counsel should be discharged and new counsel appointed."

Defendant responds,

> "In criminal cases, in order to exercise its discretion properly, the trial court must inquire into the nature and evaluate the merits of the criminal defendant's complaints. If it is assumed *arguendo* that the same standard applies in a habeas corpus proceeding[ ], the trial court made such an inquiry in this case by asking plaintiff's counsel the nature of the reason why plaintiff wanted counsel to withdraw from his representation. Defendant's [*sic*] counsel was either unable, or unwilling for reasons of attorney-client privilege, to describe the nature of the complaint. The trial court did not reversibly err in failing to inquire, because it did inquire into the reasons for the request." (Citation omitted.)

In *State v. Bronson*, 122 Or App 493, 497, 858 P2d 467 (1993), a case involving an appeal of a conviction for unlawful sale of wildlife, we said:

> "A defendant must be permitted to state the reasons why he believes that appointed counsel should be discharged and new counsel appointed. The court must inquire into the nature and evaluate the merits of defendant's complaints." (Citations omitted.)

In *Bronson,* the record did "not indicate the specific concerns or conflicts [the] defendant had with his court-appointed attorney or if the court evaluated the merits of [the] defendant's complaint." 122 Or App at 498. We held that the trial court's failure to make the proper inquiries on the record was reversible error.

Here, the court inquired only of plaintiff's counsel. Plaintiff had no opportunity to explain the conflict of interest that he believed existed. Consequently, the trial court may have had no opportunity to evaluate the merits of plaintiff's position regarding defendant's motion to dismiss the writ. It is clear that, under *Bronson,* reversal would be required if this were a criminal prosecution. The initial question then is what extent, if any, the application of the *Bronson* rule has to a habeas corpus proceeding. In *State v. Heaps,* 87 Or App 489, 493, 742 P2d 1188 (1987), a case on which we relied in *Bronson,* we held that the right to counsel guaranteed by Article I, section 11, of the Oregon Constitution, and by the Sixth Amendment to the United States Constitution "encompasses

the right not to be forced to proceed with a particular counsel."[2] However,

> "[h]abeas corpus in Oregon is a civil proceeding. The Oregon Constitution guarantees counsel only in criminal proceedings. Or Const, Art I, § 11." *McClure v. Maass*, 110 Or App 119, 125, 821 P2d 1105 (1991), *rev den* 313 Or 74 (1992) (citations omitted).

We conclude that there is no Sixth Amendment or Article I, section 11, right involved as there would be if this were a criminal proceeding.[3]

■■ Nonetheless, ORS 34.355 provides that "[i]f counsel is appointed by a court to represent, in an initial proceeding by habeas corpus or on appeal as provided in ORS 34.710, a person who is imprisoned or otherwise restrained of liberty by virtue of a charge or conviction of crime and who is unable to·afford counsel," then compensation should be determined

---

[2] In *Faretta v. California*, 422 US 806, 819-20, 95 S Ct 2525, 45 L Ed 2d 562 (1975), the Court explained:

"The Sixth Amendment does not provide merely that a defense shall be made for the accused; it grants to the accused personally the right to make his defense. * * * The right to defend is given directly to the accused; for it is he who suffers the consequences if the defense fails.

"The counsel provision supplements this design. It speaks of the 'assistance' of counsel, and an assistant, however expert, is still an assistant. The language and spirit of the Sixth Amendment contemplate that counsel, like the other defense tools guaranteed by the Amendment, shall be an aid to a willing defendant — not an organ of the State interposed between an unwilling defendant and his right to defend himself personally. To thrust counsel upon the accused, against his considered wish, thus violates the logic of the Amendment. In such a case, counsel is not an assistant, but a master; and the right to make a defense is stripped of the personal character upon which the Amendment insists." (Footnotes omitted.)

[3] In *Pennsylvania v. Finley*, 481 US 551, 107 S Ct 1990, 95 L Ed 2d 539 (1987), Finley sought post-conviction relief under a Pennsylvania statute. Finley's appointed counsel reviewed the trial record, consulted with her and, after concluding that there were no arguable bases for relief, requested permission to withdraw. The trial court reviewed the record independently and agreed with counsel's appraisal. Finley acquired new appointed counsel and appealed on the ground that the procedures utilized by her first appointed counsel had not complied with the requirements of *Anders v. California*, 386 US 738, 87 S Ct 1396, 18 L Ed 2d 493 (1967), regarding the presentation of appeals on behalf of indigent defendants. *Anders* requires a certain procedure when appointed counsel finds a case to be wholly frivolous that permits the defendant appear *pro se*. On appeal, the state court held that the *Anders* procedure had to be followed. On *certiorari*, the United States Supreme Court reversed the state court, holding that the right to appointed counsel does not extend to post-conviction relief or habeas types of relief.

and allowed by ORS 135.055. The trial court in this case undertook to exercise its discretionary and implicit authority under ORS 34.355 by appointing counsel for plaintiff and then exercised it a second time under the statute by declining to substitute counsel, even though plaintiff claimed that counsel had a conflict of interest. It is the latter ruling that plaintiff claims is error, and we review that ruling for an abuse of discretion. An abuse of discretion occurs when a trial court exercises its authority to "an end not justified by and clearly against the evidence and reason." *Lutz v. State of Oregon*, 130 Or App 278, 285, 881 P2d 171 (1994).

■ ■ A proper exercise of discretion contemplates an accomplishment of the end that is sought. When the court exercised its implicit authority under ORS 34.355 to decline to substitute appointed counsel, it was required to exercise its discretion in a manner consistent with its original purpose in appointing counsel. We think that it is against reason for a party in a civil case to be required to be represented by appointed counsel against the party's will and without a hearing on the merits of a claim of conflict of interest. ORS 9.340 embraces that notion.[4] It authorizes a court to relieve a party from the consequences of an attorney's acts upon a finding that the attorney has acted on the party's behalf without authority. When a court exercises its authority under ORS 9.340, it does so to ensure that a party's personal position in litigation is accurately presented. Similarly, the appointment of counsel under ORS 34.355 enables a plaintiff to present his or her position more adequately to the court. To thrust counsel on a party in civil litigation against the party's considered wish and without giving an opportunity to be heard regarding an alleged conflict results in an unauthorized court representation and defeats the purpose of appointing counsel.[5]

---

[4] ORS 9.340 provides:

"If it is alleged by a party for whom an attorney appears that the attorney does so without authority, and the allegation is verified by the affidavit of the party, the court may, if it finds the allegation true, at any stage of the proceedings relieve the party for whom the attorney has assumed to appear from the consequences of the attorney's acts."

[5] Although no constitutional right is involved here, denying the opportunity to be heard under these circumstances in a civil case presents the same kind of problem that occurs in a criminal case where the Sixth Amendment is implicated. After all, counsel in a civil case performs the same purpose as in a criminal prosecution—

By not making an inquiry of plaintiff about the nature of the conflict with his attorney so as to inform itself of the merits of the claim, the trial court in this case deprived plaintiff of a "just" determination of his habeas claim and effectively required him to proceed with appointed counsel against his will. The trial court record is silent as to whether plaintiff had the opportunity, after the trial court ruled, to protest personally the trial court's denial of his request to substitute counsel or to appear *pro se*. Had the trial court inquired of plaintiff, plaintiff could have decided to proceed without counsel, or, under ORS 9.340, could have revoked counsel's authority. Instead, the trial court ultimately reached the merits of plaintiff's habeas claim on a pleading prepared by counsel with whom plaintiff claimed he had a conflict. We conclude that the trial court erred when it exercised its discretion under ORS 34.355 without giving plaintiff an opportunity to be heard at a time when the authority of his counsel to represent him was in dispute.

Finally, the question of prejudice arises because of the trial court's failure to inquire into the nature of the conflict of interest between plaintiff and his appointed counsel. It could be that on the merits defendant's motion is well-taken. Nonetheless, it is impossible for us to reach that determination on the record before us. We are presented with plaintiff's unexplained assertion that counsel be substituted and competing claims about the parole board's actions. Because plaintiff was not given an opportunity to be heard, we cannot determine whether he has had the opportunity to present his side of the issues. It would be a different matter if he had such an opportunity and had failed to offer an explanation of his claims. When a party is represented by counsel in court,

---

to assist the litigant in making the litigant's personal case before the court. The dissent argues that our decision creates an exception to the rules of civil procedure that requires trial courts affirmatively to seek out more information from litigants than has been provided by them for purposes of deciding pretrial motions. However, the circumstances of this case are unique. The trial court had before it parties who were not present and who were represented by counsel. At the hearing on the pending motion, the court was informed by plaintiff's counsel that plaintiff claimed that a conflict of interest existed between him and counsel. That information put the court on inquiry as to whether it had a represented party appearing before it. If, in fact, counsel had no authority to represent plaintiff for purposes of the motion, then the court should not have permitted the hearing to proceed with counsel representing plaintiff.

his "day in court" is dependent on the words spoken and the actions taken by counsel on his behalf. Until the claim of conflict of interest is resolved, the presentation of plaintiff's claims and their resolution is tainted. On remand, the trial court should determine if a conflict exists between plaintiff and his counsel and proceed accordingly.

Reversed and remanded.

**DEITS, C. J.,** dissenting.

In this habeas corpus proceeding, plaintiff argues that the trial court erred in denying his motion for substitute court-appointed counsel, although plaintiff presented the court with no basis for his request. While I agree with the majority that plaintiff had no constitutional right to court-appointed counsel or substituted court-appointed counsel and that the trial court's decision on this matter should be reviewed for abuse of discretion, I disagree with the majority's conclusion that the trial court abused its discretion in denying plaintiff's motion for substituted counsel under the circumstances. I respectfully dissent.

The majority relies, in part, on ORS 9.340 for its conclusion that a party has a right to be heard about substitution of counsel. 161 Or App at 276-77. That statute provides:

"If it is alleged by a party for whom an attorney appears that the attorney does so without authority, *and the allegation is verified by the affidavit of the party,* the court may, if it finds the allegation true, at any stage of the proceedings relieve the party for whom the attorney has assumed to appear from the consequences of the attorney's acts." (Emphasis added.)

The majority has used this statute as a springboard for the conclusion that, even if parties do not submit affidavits or communicate in any manner to the court about the bases for their motions, the court nonetheless has an affirmative duty to seek the litigants out and ask them why they made the motions they did. ORS 9.340 provides no support for the majority's conclusion.

Likewise, ORS 34.355 provides no support for the majority's conclusion. That statute merely authorizes payments to attorneys who have been appointed by the court to

represent plaintiffs in habeas corpus cases. The most that can be said about ORS 34.335 is that it implicitly permits a court to appoint substitute counsel for a habeas corpus plaintiff. It says nothing about the procedures that govern substitution of attorneys. Given the absence of any specific statutory guidance regarding substitution of attorneys in habeas cases, it follows that normal practices of civil procedure should govern procedural questions. *Cf. Villarreal v. Thompson*, 142 Or App 29, 31, 920 P2d 1108 (1996) ("Unless the habeas corpus statutes provide otherwise, the Oregon Rules of Civil Procedure govern habeas corpus actions.").

The majority cites no statute or rule of procedure that indicates that a trial court has an affirmative duty to glean information from a party who files a motion but fails to cite any authority or provide any relevant information in support of that motion. That is exactly what plaintiff did here—he had his lawyer file a motion but communicated no basis for his motion. The majority errs in concluding that the trial court somehow deprived plaintiff of "an opportunity to be heard[.]" 161 Or App at 277. Plaintiff never sought more of an opportunity to be heard than what he received. He filed no affidavit in support of his motion and did not request an opportunity to be heard in person at the telephonic hearing on his motion. Nowhere else in the civil procedure context has this court carved out an exception to the normal rules governing civil actions and required a trial court affirmatively to seek out more information than has been provided by the parties before deciding a pretrial motion. The majority should not set such a precedent in this case, requiring trial courts to do litigants' work for them.

In sum, in a civil proceeding, a party making a pretrial motion generally bears the burden of presenting arguments or submitting information to persuade the trial court that the motion should be granted. In the absence of any arguments or information in support of a motion, a trial court does not abuse its discretion in denying the motion. Under the circumstances presented here, plaintiff is not entitled to the relief the majority gives.

I respectfully dissent.