Argued and submitted March 19, affirmed May 9, 2001

# HAL S. ELKINS,
*Appellant,*

*v.*

# S. Frank THOMPSON,
Superintendent,
Oregon State Penitentiary,
*Respondent.*

96C-11592; A103143

25 P3d 376

Eric M. Cumfer argued the cause and filed the briefs for appellant.

Kaye E. McDonald, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Landau, Presiding Judge, and Brewer, Judge, and Ceniceros, Senior Judge.

BREWER, J.

## BREWER, J.

Petitioner appeals from a judgment dismissing his petition for post-conviction relief. He argues that the trial court committed reversible error by failing to conduct a recorded inquiry when petitioner asked the court to replace his post-conviction attorney due to alleged inadequate representation.[1] We review for abuse of discretion, *Temple v. Zenon*, 124 Or App 388, 392, 862 P2d 585 (1993), and affirm.

Petitioner shot and killed one person and wounded another at a Salem restaurant in 1993. Petitioner was convicted of murder, attempted murder, and assault in the first degree. He was sentenced to consecutive prison terms of 25 years for murder, 36 months for attempted murder, and a 60-month firearm minimum term for the assault conviction. His convictions were affirmed on direct appeal. *State v. Elkins*, 134 Or App 218, 893 P2d 580, *rev den* 321 Or 549 (1995). On May 8, 1996, petitioner filed a *pro se* petition for post-conviction relief. On May 20, the court signed an order appointing counsel for petitioner and directing that a formal petition be filed by July 19.

On July 5, petitioner sent a letter, with a copy to counsel, to the court stating, in part:

"On June 19, 1996, I wrote [counsel] a letter detailing an additional issue that I wanted him to address in the formal petition, if he felt that it was a viable issue. As of today, July 5, 1996 I have not had any contact or correspondence from [counsel]. I am concerned that there is not enough time to adequately prepare my formal petition.

"Since [counsel] has failed to contact me, I am concerned that he is unable to adequately represent me due to time constraints with other caseload; or, that he is either disinterested, or unable to represent me for some other reason. He has certainly shown no interest in my case to date.

"Because of [counsel's] lack of contact, I hereby move that the court provide a substitute counsel for this proceeding."

---

[1] Petitioner's remaining assignments of error do not require discussion.

On August 13, petitioner filed a formal motion for appointment of new counsel. In an accompanying affidavit, he stated that counsel finally contacted him by letter dated August 1. He attached a copy of counsel's letter to the affidavit. The letter stated, in part:

"I just completed an approximately 7 week trial and I am now catching up on my correspondence. I have extended the due date on your formal petition so that we can meet and add any additional issues that are appropriate to your original petition.

"I anticipate meeting with you in the next couple of weeks."

Petitioner further stated in his affidavit that counsel had not provided him with a copy of the extension request for filing the formal petition and that petitioner was contemplating filing a bar complaint against counsel. Petitioner's affidavit concluded:

"Due to the lack of communication between [counsel] and the petitioner, petitioner believes that [counsel] has failed to represent the best interests of the petitioner. Petitioner believes that his interests would be best served by the appointment of new counsel."

There is no evidence that petitioner requested a hearing or oral argument on his motion for substitute counsel. The case register indicates that the court held a status conference on September 9 and that it denied petitioner's motion at the conference. There is no other record of the status conference. Petitioner apparently was not present at the conference. On October 23, the court issued a written order denying the motion.

On March 3, 1997, counsel filed an amended petition for post-conviction relief that included a new claim that petitioner's "[t]rial counsel failed to impeach the jail nurse's testimony * * *." Counsel represented petitioner at a deposition, filed a trial memorandum and supplemental memorandum, introduced exhibits, including transcripts of the underlying proceeding, and represented petitioner throughout the post-conviction trial. Petitioner made no further complaint to the court about counsel's representation.

The trial court denied petitioner's claims for post-conviction relief, and petitioner appeals from the judgment dismissing his amended petition. Petitioner contends that the trial court abused its discretion in failing to hold a hearing to inquire on the record concerning the complaint underlying his motion for substitute counsel. The primary thrust of petitioner's claim is that the court erred in deciding his motion on the written record, although a subordinate theory appears to be that the court also erred in *denying* his motion based on the information he presented.

Petitioner relies on several decisions of this court in support of his primary argument. The first is *State v. Coffey*, 158 Or App 112, 972 P2d 1219 (1999), which was a direct appeal from a criminal conviction. In *Coffey*, we held that the trial court erred in failing to inquire when the defendant asked for new appointed counsel because, like petitioner here, he believed that his attorney was inadequate because of lack of communication. *Id.* at 115. In so holding, we relied on *State v. Grcich*, 148 Or App 337, 939 P2d 649 (1997), where we said:

> "We review the denial of a motion for a new court-appointed attorney for an abuse of discretion. *State v. Langley*, 314 Or 247, 258, 839 P2d 692 (1992). A criminal defendant's complaint about court-appointed counsel, when based on proper grounds, implies an abridgement of the constitutional right to assistance of counsel. *Id.* When presented with such an issue, a court has an affirmative duty to determine the merits of a request for a new court-appointed attorney on the record; it may not presume that the request is meritless. *State v. Bargas-Perez*, 117 Or App 510, 513, 844 P2d 931 (1992). The court must inquire into the nature of the request and evaluate the merits of the defendant's complaints, and must allow a defendant to state the reasons in support of a request for a new attorney. *State v. Bronson*, 122 Or App 493, 497, 858 P2d 467 (1993)." *Grcich*, 148 Or App at 342.

We also relied on our decision in *State v. Heaps*, 87 Or App 489, 742 P2d 1188 (1987), where we held that the trial court's "failure to inquire into the nature of the conflict and to evaluate the merits of defendant's complaint concerning his first

appointed counsel gave the court no basis on which to determine whether his constitutional right to effective counsel was being honored." *Id.* at 494.

After reviewing the foregoing authority, we concluded in *Coffey*:

"Here, defendant's letter to the court explicitly identified particular complaints about the adequacy of representation: Defense counsel 'has not answered any of my phone calls to discuse [*sic*] my case' and 'has not talked to anyone else involved with it either.' Nevertheless, the court did not inquire further and, particularly, did not 'determine the merits of [the] request for a new court-appointed attorney on the record * * *.' *Grcich*, 148 Or App at 342. The court, in short, did not satisfy the 'affirmative duty' consistently reiterated, and enforced, in *Grcich*, *Bargas-Perez*, *Heaps*, *et al.*" *Coffey*, 158 Or App at 116.

Petitioner acknowledges that *Coffey* and the decisions on which it relies were all direct appeals from criminal convictions. Petitioner also concedes that the Supreme Court has held that the United States Constitution does not require a state to appoint effective counsel in a collateral challenge to a criminal conviction. *See Pennsylvania v. Finley*, 481 US 551, 557-58, 107 S Ct 1990, 95 L Ed 2d 539 (1987). However, petitioner argues that the rule is different under Oregon law. He contends that the standard for providing a hearing in criminal cases also should apply in post-conviction proceedings, because he has a statutory right to post-conviction counsel, ORS 138.590, inherent in which is the right to "suitable counsel."[2] Petitioner argues that "[e]ither as a matter of statutory construction or under constitutional law," the court

---

[2] ORS 138.590 provides, in part:

"(1) Any petitioner who is unable to pay the expenses of a proceeding pursuant to ORS 138.510 to 138.630 [for post-conviction relief] or to employ suitable counsel possessing skills and experience commensurate with the nature of the conviction and complexity of the case for such a proceeding may proceed as an indigent person pursuant to this section upon order of the circuit court in which the petition is filed.

"* * * * *

"(4) In the order to proceed as an indigent person, the circuit court shall appoint suitable counsel to represent petitioner. Counsel so appointed shall represent petitioner throughout the proceedings in the circuit court."

was required to inquire on the record as to the basis for his claim that counsel was not providing adequate assistance.

In support of that proposition, petitioner relies on our decision in *Combs v. Baldwin*, 161 Or App 270, 276-77, 984 P2d 366 (1999). In *Combs*, a habeas corpus proceeding, the plaintiff's attorney moved to withdraw, averring in an affidavit that " '[p]laintiff has requested that this office withdraw from his case.' " *Id.* at 272. The trial court denied the motion at a hearing at which the plaintiff was not present and at which he was not given an opportunity to explain the basis for his request. *Id.* At the hearing, counsel told the trial court that the plaintiff believed that counsel had a conflict of interest, but counsel said that he did not know what the alleged conflict was. *Id.* at 272 n 1. Like petitioner here, the plaintiff in *Combs* relied on authority governing criminal prosecutions, including *Bronson*, to support his argument that the trial court was required to inquire on the record concerning his complaints. We held that no such duty existed under either the Sixth Amendment to the United States Constitution or Article I, section 11, of the Oregon Constitution, because " '[h]abeas corpus in Oregon is a civil proceeding. The Oregon Constitution guarantees counsel only in criminal proceedings. Or Const, Art I, § 11.' *McClure v. Maass*, 110 Or App 119, 125, 821 P2d 1105 (1991), *rev den* 313 Or 74 (1992) (citations omitted)." *Combs*, 161 Or App 275.[3] However, we noted that ORS 34.355 provides for the appointment of counsel to represent an indigent plaintiff seeking habeas corpus relief. We held that the trial court had undertaken "to exercise its discretionary and implicit authority under ORS 34.355 * * * by declining to substitute counsel, even though plaintiff claimed that counsel had a conflict of interest." *Id.* at 276. We reasoned that the trial court abused its discretion in failing to hear the plaintiff's complaint on the record:

"We think that it is against reason for a party in a civil case to be required to be represented by appointed counsel against the party's will and without a hearing on the merits of a claim of conflict of interest. ORS 9.340 embraces that

_____

[3] We relied on *Finley* to support our conclusion with respect to the Sixth Amendment.

notion. It authorizes a court to relieve a party from the consequences of an attorney's acts upon a finding that the attorney has acted on the party's behalf without authority. * * * To thrust counsel on a party in civil litigation against the party's considered wish and without giving an opportunity to be heard regarding an alleged conflict results in an unauthorized court representation and defeats the purpose of appointing counsel." *Id.* at 276 (footnotes omitted).

We concluded that "the trial court erred when it exercised its discretion under ORS 34.355 without giving plaintiff an opportunity to be heard at a time when the authority of his counsel to represent him was in dispute." *Id.* at 277. In a footnote, the majority clarified the scope of its decision in response to criticism from the dissent that the holding of the case "creates an exception to the rules of civil procedure that requires trial courts affirmatively to seek out more information from litigants than has been provided by them for purposes of deciding pretrial motions." *Id.* at 277 n 5. We said:

"[*T*]*he circumstances of this case are unique.* The trial court had before it parties who were not present and who were represented by counsel. At the hearing on the pending motion, the court was informed by plaintiff's counsel that plaintiff claimed a conflict of interest existed between him and counsel. *That information put the court on inquiry as to whether it had a represented party before it. If, in fact, counsel had no authority to represent plaintiff for purposes of the motion, then the court should not have permitted the hearing to proceed with counsel representing plaintiff.*" *Id.* (emphasis added).

Like habeas corpus proceedings, except as specified by statute, actions for post-conviction relief are civil proceedings. *Schelin v. Maass*, 147 Or App 351, 355, 936 P2d 988, *rev den* 325 Or 446 (1997). Accordingly, the rights to counsel guaranteed by the Sixth Amendment to the United States Constitution and Article I, section 11, of the Oregon Constitution, are inapplicable in this proceeding. *See McClure*, 110 Or App at 125 (any right to counsel in a civil action arises, if at all, under state law by statute). Our decisions in *Coffey* and the cases on which it relies hinged on an implied "abridgement of the constitutional right to assistance of counsel" under the Sixth Amendment and Article I, section 11. *Grcich,*

148 Or App at 342. *See also Heaps*, 87 Or App at 493 (holding that the right to a hearing on a request for substitute appointed counsel derives from the Sixth Amendment and Article I, section 11). Therefore, their reasoning does not govern this case. The post-conviction trial court was not required by the Sixth Amendment or Article I, section 11, to inquire on the record concerning the basis for petitioner's motion for substitute appointed counsel. *Combs*, 161 Or App at 275.[4]

Petitioner next argues that "permitting appointment of ineffective or inadequate post-conviction counsel would also violate fundamental fairness of the due process clause of the Fourteenth Amendment." He relies on *State ex rel Juv. Dept. v. Geist*, 310 Or 176, 796 P2d 1193 (1990), in which the Supreme Court held that due process requires that a parent in a proceeding for termination of parental rights must be afforded a procedure whereby he or she may challenge his or her appointed counsel's adequacy. Because of the importance of expeditious resolution of termination cases, the court held that any challenge to counsel's performance must be reviewed on direct appeal. *Id*. at 187.

Petitioner's reliance on *Geist* misses at least two marks. First, unlike a proceeding for termination of parental rights, in which the state brings the direct weight of its power to bear on parents who risk losing the fundamental right of parenthood, *id*. at 186, petitioner has been convicted of a crime in an underlying proceeding. In contrast to the challenge of the defending parent in *Geist*, petitioner's motion did not address the performance of counsel in the underlying proceeding that resulted in a deprivation of his liberty interests. Here, unlike in the criminal proceeding, petitioner is the party who is ultimately responsible for prosecuting the action. *See McClure*, 110 Or App at 123-24 (holding that a post-conviction petitioner is responsible for filing the petition and selecting the issues for litigation). In sum, this is a collateral civil proceeding, in which *petitioner* is the party seeking

---

[4] Citing *Combs*, the state assumes "for purposes of this argument" that the trial court was obligated to give petitioner the same opportunity to explain on the record why counsel was inadequate that he would have had as a defendant in a criminal case. Because we conclude that *Combs* does not support that proposition and, indeed, it is not correct, we do not consider the various rationales for affirmance that the state advances.

relief. The *Geist* rationale is not controlling here merely because petitioner, like the parent in *Geist*, also has a statutory right to suitable counsel.

■ Second, petitioner cites no authority, and we are aware of none, suggesting that due process requires a hearing, as opposed to consideration on the written record, when a post-conviction petitioner wants a new appointed attorney because of dissatisfaction with existing counsel. Such a requirement is not compelled by *Geist*, and we decline to so extend its rationale. *See Geist*, 310 Or at 190 (holding that fundamental fairness is flexible and calls for such procedural protections as the particular situation demands); *cf. Bartz v. State of Oregon*, 314 Or 353, 368, 839 P2d 217 (1992) (post-conviction petitioner was not denied due process because of statutory time limitation for filing petition).

■ The question remains whether the trial court had a *statutory* duty to hold a hearing on petitioner's motion. The short answer is that no such duty existed in this case, therefore, petitioner's reliance on *Combs* is misplaced. As noted, the result in *Combs* was dictated by the "unique" circumstances of that case. *Combs*, 161 Or App at 277 n 5. The hearing was required because of doubt about counsel's authority to represent the plaintiff *under ORS 9.340. Id.* Unlike the plaintiff in *Combs*, petitioner here did not allege that counsel had a conflict of interest in representing him. ORS 9.340 was not implicated by any of petitioner's complaints about counsel's failure to communicate with him. Nor did the protection of petitioner's statutory right to suitable counsel require the court, *sua sponte*, to hold a hearing on his motion. A necessary premise of our holding in *Combs* was that ORS 34.355 did not, standing alone, require the court to hold a hearing on the plaintiff's motion for substitute counsel. There is no reason to conclude that ORS 138.590 automatically requires a hearing on motions to substitute counsel in post-conviction actions any more than ORS 34.355 imposes such a requirement in habeas corpus proceedings. ORS 138.590 simply does not govern the procedure for substitution of counsel in post-conviction proceedings. Therefore, that statute did not require the court to hold a hearing on petitioner's motion.

**■■** Petitioner has not identified any other possible statutory requirement for a hearing on his motion under the circumstances of this case, and we are aware of none. Based on petitioner's written submissions, the court had no reason to believe that petitioner had any further information to provide that would be material to its decision. Nor did petitioner request a hearing.[5] Accordingly, the court did not abuse its discretion in deciding petitioner's motion on the written record before it.

To the extent that petitioner's assignment of error can be understood also to challenge the court's *denial* of his motion on the record before it, it is equally unpersuasive. Although petitioner was impatient with what he perceived as counsel's inattention to his case, his submissions showed that the case was in its early stages and that counsel had taken reasonable steps to protect petitioner's interests until the two could meet. There was nothing in the situation suggesting that counsel was not suitable. Therefore, the court did not abuse its discretion in denying petitioner's motion.

Affirmed.

---

[5] The Oregon Rules of Civil Procedure (ORCP) apply in post-conviction proceedings. *See Mueller v. Benning*, 314 Or 615, 621 n 6, 841 P2d 640 (1992); *Reynolds v. Lampert*, 170 Or App 780, 786, 13 P3d 1038 (2000). The ORCP do not generally provide for oral argument on motions. The Uniform Trial Court Rules (UTCR) provide for oral argument on motions in civil actions *if* it is requested in accordance with UTCR 5.050(1). *Zehr v. Haugen*, 318 Or 647, 652, 871 P2d 1006 (1994).