Argued and submitted February 7, reversed March 8, petition for review denied
August 15, 2000 (330 Or 553)

## JOHN ROBERT BOWEN,
*Respondent,*

*v.*

## Dan JOHNSON,
Superintendent,
Snake River Correctional Institution,
*Appellant.*

## (98-01-29469-M; CA A106620)

999 P2d 1159

Jennifer S. Lloyd, Assistant Attorney General, argued the cause for appellant. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Bob Pangburn argued the cause and filed the brief for respondent.

Before Landau, Presiding Judge, and Linder and Brewer, Judges.

LANDAU, P. J.

**LANDAU, P. J.**

The state appeals a judgment granting post-conviction relief based on the inadequacy of counsel at petitioner's criminal trial. The state contends that the post-conviction court granted relief based on a claim not raised in the petition. We agree and reverse.

The relevant facts are not in dispute. Petitioner was convicted of two counts of first-degree sodomy. Petitioner appealed, and the conviction was affirmed without opinion. *State v. Bowen*, 142 Or App 313, 920 P2d 180, *rev den* 324 Or 395 (1996). Petitioner then filed a *pro se* petition for post-conviction relief. He alleged numerous errors by the trial court at his criminal trial, including that the trial court incorrectly instructed the jury concerning the state's burden of proof. He also alleged that he had been deprived of effective assistance of counsel in several ways. Not mentioned, however, was the failure of criminal trial counsel to object to the trial court's jury instructions.

Petitioner later obtained court-appointed counsel, who filed an amended, "formal" petition for post-conviction relief. In the amended petition, too, petitioner alleges numerous trial court errors, including the improper instruction of the jury. Specifically, he alleges that the trial court's instructions were confusing as to the dates of the alleged criminal acts. And he reiterates his allegations of ineffective assistance of counsel, again not mentioning anything about counsel's failure to object to the erroneous instructions.

At trial before the post-conviction court, the state argued that the allegations concerning trial court error—in particular, the allegations concerning the jury instructions—were not cognizable under *State v. Palmer*, 318 Or App 352, 354, 867 P2d 1368 (1994), because the claims could have been raised in the criminal trial and on direct appeal. The post-conviction court held that the trial court's instructions were ambiguous as to the dates of the alleged criminal acts and observed that, at one juncture, the trial court held that the elements of the crimes charged must be proven "within" a reasonable doubt, instead of "beyond" a reasonable doubt.

The post-conviction court acknowledged the state's contention that the errors were not cognizable under *Palmer* and further acknowledged that petitioner had raised no ineffective assistance of counsel claim as to the erroneous jury instructions. The court nevertheless granted post-conviction relief on the basis of the ineffectiveness of counsel at trial and on appeal, because "these errors are so fundamental to [petitioner's] constitutional rights that justice demands that they be corrected."

■     On appeal, the state argues that the post-conviction court erred in granting relief on a claim not asserted in the post-conviction petition. Petitioner concedes that he did not raise an ineffective assistance of counsel claim as to the erroneous jury instructions, but argues that, because of the importance of the constitutional rights involved, the post-conviction court had the discretion to grant relief even on a claim not pleaded.

■     ORS 138.510 *et seq.*, often referred to as the Post-Conviction Hearing Act, provides a collateral civil remedy to a convicted criminal defendant. Post-conviction proceedings are initiated by the filing of a petition, which must "set forth specifically the grounds upon which relief is claimed." ORS 138.580. It is the obligation of the petitioner "to select the issues that he wants to litigate" in a post-conviction proceeding. *Temple v. Zenon*, 124 Or App 388, 392, 862 P2d 585 (1993). All grounds for post-conviction relief must be stated in the petition or in an amended petition, and "any grounds not so asserted are deemed waived" unless the post-conviction court, on hearing a later petition, finds that there are grounds for relief that could not reasonably have been raised in the original or the amended petition. ORS 138.550(3). At the hearing on the petition, the court must determine whether "the petition states a ground for relief." ORS 138.620(2).

It is clear from the foregoing provisions of the Post-Conviction Hearing Act that the allegations in the petition frame—indeed, limit—the issues for determination by the post-conviction court. If the petitioner fails to include a claim in his or her petition for post-conviction relief, that claim is

waived unless it can be established that the claim could not reasonably have been asserted at that time.

In addition, the Supreme Court has created its own limitations on the scope of post-conviction relief. In *Palmer*, the court held that, "[w]hen a criminal defendant fails to raise an issue at trial that the defendant reasonably could have been expected to raise, the defendant cannot obtain post-conviction relief on that ground" unless the failure to raise the issue fell within one of a narrow list of statutory exceptions, such as the inadequate assistance of counsel. 318 Or at 358.

In this case, petitioner did not object to the trial court's jury instructions at the criminal trial. Therefore, under *Palmer*, unless petitioner alleged that the failure to raise an issue at the criminal trial fell within one of the statutory exceptions mentioned in that case, he is barred from obtaining post-conviction relief on that basis. Petitioner in fact asserted the applicability of no such exception. In particular, petitioner did not allege that the failure of criminal trial counsel to object to the trial court's jury instructions amounted to inadequate assistance of counsel. Under *Palmer*, post-conviction relief based on the trial court's jury instruction is not available to petitioner.

The post-conviction court could not cure the problem by holding, *sua sponte*, that the failure of criminal trial counsel to object to the instructions was inadequate assistance. The Post-Conviction Hearing Act makes clear that relief under the Act is available only as to claims that actually have been alleged in the petition or amended petition and, indeed, that claims not raised in the petition are waived unless the petitioner establishes that the claims could not reasonably have been asserted at that time. In this case, petitioner does not argue that he could not have raised an inadequate assistance of counsel claim based on criminal trial counsel's failure to object to the trial court's instructions. We therefore conclude that the trial court erred in granting post-conviction relief based on a claim that was not asserted in the petition or the amended petition.

Reversed.