**Robert Lee BELL, Petitioner—Appellant,**

v.

**Robert O. LAMPERT, Superintendent, Snake River Correctional Institution, Respondent—Appellee.**

No. 01–35997.

D.C. No. CV–99–01074–JE.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 4, 2002.*

Decided Nov. 21, 2002.

Before REAVLEY,** KOZINSKI and W. FLETCHER, Circuit Judges.

MEMORANDUM ***

The district court did not err in concluding that Bell procedurally defaulted his claim. *See Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). While Bell might have argued in state court that he was denied effective assistance of counsel when his lawyer failed to advise him of the consequences of a guilty plea, he never argued in his various post-conviction petitions to the Oregon

courts that he was denied due process because of the trial judge's actions or omissions. It was not until his post-conviction appellate brief before the Oregon Court of Appeals that he made this argument. But this was too late. *See* Or.Rev. Stat. § 138.550(3) ("All grounds for relief claimed by petitioner ... must be asserted in the original or amended petition, and any grounds not so asserted are deemed waived...."); *Bowen v. Johnson*, 166 Or. App. 89, 999 P.2d 1159, 1160 (Or.Ct.App. 2000) ("[T]he allegations in the petition frame–indeed, limit–the issues for determination by the post-conviction court."). Bell makes no showing of cause and prejudice, *Gray v. Netherland*, 518 U.S. 152, 162, 116 S.Ct. 2074, 135 L.Ed.2d 457 (1996), or actual innocence, *Murray v. Carrier*, 477 U.S. 478, 496, 106 S.Ct. 2639, 2649–50, 91 L.Ed.2d 397 (1986), sufficient to excuse his procedural default.

Bell's reliance on *Chacon v. Wood*, 36 F.3d 1459 (9th Cir.1994), is misplaced. Bell does not simply seek to "reformulate somewhat the claims made in state court," *id.* at 1467 (internal quotation marks omitted), or include "new factual allegations [that] do not ... fundamentally alter the legal claim already considered by the state courts," *id.* at 1468 (internal quotation marks omitted). Instead, he raises before us a fundamentally different legal claim–due process–based on the trial judge's, not his trial counsel's, alleged omissions. Hence, Bell did not timely and fairly present to the state courts "the substance of [his] federal habeas corpus claim," *Picard v. Connor*, 404 U.S. 270, 278, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971), and "all the operative facts giving rise to the asserted consti-

tutional principle," *Daugharty v. Gladden*, 257 F.2d 750, 758 (9th Cir.1958).

AFFIRMED.

