Keith Teon DOCKERY, Petitioner—
Appellant,

v.

Frank S. THOMPSON, Respondent—
Appellee.

No. 02–36012.

D.C. No. CV–00–01022–GMK.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 6, 2003.

Decided Nov. 24, 2003.

Thomas J. Hester, FPDOR–Federal Public Defender's Office, Portland, OR, for Petitioner–Appellant.

Timothy A. Sylwester, DOJ–Oregon Department of Justice, Salem, OR, for Respondent–Appellee.

Before ALARCON, RAWLINSON, and BYBEE, Circuit Judges.

## MEMORANDUM*

■ Oregon state prisoner Keith T. Dockery's appeal fails because a state prisoner is barred from presenting a claim in a federal habeas petition if he forfeited the claim by failing to abide by independent and adequate procedural rules in state court. *See Coleman v. Thompson*, 501 U.S. 722, 729–730, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

Dockery appealed his sentence, first on direct review, then in state post-conviction proceedings, arguing that the trial court had failed to make the factual findings required by ORS § 137.123 before imposing consecutive sentences. The post-con-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

viction court agreed that the trial court had failed to make the required findings and, based on this omission alone, remanded Dockery's case for resentencing. Post-conviction relief was otherwise denied.

At his resentencing hearing, Dockery argued for the first time that his two kidnapping convictions should merge under ORS § 161.067. The trial court initially stated that the merger issue was not before the court, but, when pressed by defense counsel, ruled that Dockery's convictions did not merge.

Dockery sought post-conviction relief a second time, again arguing that his convictions merged under Oregon law. The post-conviction court denied relief, holding that Dockery was "precluded from pursuing in this post-conviction proceeding his claim the trial court erred in failing to merge his convictions because he did not raise that issue in his first post-conviction case."

Because the second post-conviction court explicitly relied upon the state rule requiring that all grounds be raised in a prisoner's first post-conviction proceeding, Dockery's due process claim is barred by an adequate and independent state procedural ground. *See Bowen v. Johnson*, 166 Or. App. 89, 92, 999 P.2d 1159 (2000) (requiring a petitioner to state all grounds for post-conviction relief in the petition). We conclude that a valid factual basis supports the district court's finding that Dockery failed to assert his merger claim in his amended petition before the first post-conviction court.

■ Finally, Dockery has not presented any additional evidence to establish his actual innocence and therefore has not established a "miscarriage of justice." He merely argues legal innocence of his sentence, which cannot excuse his default.

*Gandarela v. Johnson*, 286 F.3d 1080, 1085 (9th Cir.2002).

**AFFIRMED.**