**Stephen Patrick MULVIHILL, Petitioner—Appellant,**

v.

**Rosie GARCIA, Respondent—Appellee.**

No. 03–16925.

D.C. No. CV–00–05081–AWI.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 15, 2004.*

Decided Nov. 22, 2004.

Stephen Patrick Mulvihill, CCIT–California Correctional Institution, Tehachapi, CA, pro se.

Robert R. Anderson, Depty. Atty. Gen., AGCA–Office of the California Attorney General, Sacramento, CA, for Respondent–Appellee.

Before LEAVY, McKEOWN and BERZON, Circuit Judges.

## MEMORANDUM **

California state prisoner Stephen Patrick Mulvihill appeals *pro se* the district

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

court's denial of his 28 U.S.C. § 2254 petition. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Mulvihill contends that his due process rights were violated when the California Court of Appeal applied a preponderance of the evidence standard in affirming Mulvihill's upper term sentence based upon the sentencing court's finding of aggravating factors. Upon review of the record, we conclude that California Court of Appeal's resolution of the case was neither contrary to, nor an unreasonable application of, clearly established federal law. *See* 28 U.S.C. § 2254(d)(1); *see also McMillan v. Pennsylvania,* 477 U.S. 79, 91–92, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986).[1] Accordingly, the district court properly denied Mulvihill's habeas petition.

Mulvihill further contends that the district court erred in failing to afford him an evidentiary hearing. We disagree. Mulvihill's claim can be resolved by reference to state court record. Accordingly, the district court did not abuse its discretion in denying an evidentiary hearing. *See Totten v. Merkle,* 137 F.3d 1172, 1176 (9th Cir.1998).

AFFIRMED.

1. The rules announced subsequent to Mulvihill's conviction and sentence becoming final in *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and *Blakely v. Washington,* —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), do not apply retroactively to cases on collateral review. *See Cook v. United States,* 386 F.3d 949 (9th Cir.2004) (order); *see also United States*

*v. Sanchez–Cervantes,* 282 F.3d 664, 671 (9th Cir.2002). Thus, these rules are inapplicable here.

