On respondent's motion for summary affirmance filed January 14,
and appellant's response to respondent's motion for summary affirmance filed
January 27, motion for summary affirmance granted May 11, petition
for review denied August 23, 2005 (339 Or 230)

# MARK EUGENE MAKINSON,
## *Appellant,*

### *v.*

# Robert LAMPERT,
## Superintendent,
## Snake River Correctional Institution,
### *Respondent.*

## 02082193M; A123486

112 P3d 364

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Jennifer S. Lloyd, Attorney-In-Charge, Collateral Remedies and Capital Appeals, for motion.

Priscilla Maloney *contra*.

Before Linder, Presiding Judge, and Brewer, Chief Judge, and Landau, Judge.

BREWER, C. J.

## BREWER, C. J.

Petitioner appeals from a judgment dismissing his amended petition for post-conviction relief. In his amended petition, petitioner alleged a number of claims of inadequate assistance of trial and appellate counsel. On appeal, petitioner does not challenge the trial court's dismissal of the claims alleged in his amended petition. Instead, he argues for the first time (1) that his sentencing counsel should have argued that the departure sentence that the trial court imposed on one of his convictions violated the Sixth Amendment to the United States Constitution under *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), and *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000), on the ground that the departure factors were not alleged in the indictment, submitted to a jury, and proved beyond a reasonable doubt, and (2) that the sentencing court erred under *Blakely* and *Apprendi* by imposing the sentence.

Respondent has filed a motion for summary affirmance, arguing that petitioner has waived the claims that he asserts for the first time on appeal by failing to plead them in a petition or amended petition for post-conviction relief. We grant the motion for summary affirmance.

■  ORS 138.550(3) provides:

"All grounds for relief claimed by petitioner in a petition pursuant to ORS 138.510 to 138.680 must be asserted in the original or amended petition, and any grounds not so asserted are deemed waived unless the court on hearing a subsequent petition finds grounds for relief asserted therein which could not reasonably have been raised in the original or amended petition. However, any prior petition or amended petition which was withdrawn prior to the entry of judgment by leave of the court, as provided in ORS 138.610, shall have no effect on petitioner's right to bring a subsequent petition."

In *Bowen v. Johnson*, 166 Or App 89, 92-93, 999 P2d 1159, *rev den*, 330 Or 553 (2000), we stated:

"ORS 138.510 *et seq.*, often referred to as the Post-Conviction Hearing Act, provides a collateral civil remedy

to a convicted criminal defendant. Post-conviction proceedings are initiated by the filing of a petition, which must 'set forth specifically the grounds upon which relief is claimed.' ORS 138.580. It is the obligation of the petitioner 'to select the issues that he wants to litigate' in a post-conviction proceeding. *Temple v. Zenon*, 124 Or App 388, 392, 862 P2d 585 (1993). All grounds for post-conviction relief must be stated in the petition or in an amended petition, and 'any grounds not so asserted are deemed waived' unless the post-conviction court, on hearing a later petition, finds that there are grounds for relief that could not reasonably have been raised in the original or the amended petition. ORS 138.550(3). At the hearing on the petition, the court must determine whether 'the petition states a ground for relief.' ORS 138.620(2).

"It is clear from the foregoing provisions of the Post-Conviction Hearing Act that the allegations in the petition frame—indeed, limit—the issues for determination by the post-conviction court. If the petitioner fails to include a claim in his or her petition for post-conviction relief, that claim is waived unless it can be established that the claim could not reasonably have been asserted at that time."

■    Because petitioner failed to allege the claims that he asserts on appeal in a pleading before the post-conviction court, he has waived those claims in the present proceeding.

Petitioner nonetheless argues that we should deny the state's motion for summary affirmance because the errors that he asserts on appeal constitute plain error under this court's decision in *State v. Sawatzky*, 195 Or App 159, 172, 96 P3d 1288 (2004) (concluding that "departure sentences, which require judicial findings of fact and are not, under the current [sentencing] scheme, based on facts found by the jury, do not comport with the Sixth Amendment to the United States Constitution"). We reject that argument with little fanfare. Although we have applied the plain error doctrine in certain circumstances in post-conviction appeals,[1] we have never applied it, in derogation of ORS 138.550(3), to permit consideration of a claim for relief that was not raised

---

[1] We have applied the doctrine, for example, to reverse awards of attorney fees that were not authorized by statute. *See, e.g., Alexander v. Johnson*, 164 Or App 235, 238, 990 P2d 929 (1999) (trial court erroneously awarded attorney fees against petitioner under ORS 151.505, which did not apply to the action).

in a petition before the post-conviction court. We decline to do so here.

■ In addition, petitioner asserts that the holding in *Sawatzky* must be applied retroactively to invalidate his sentence in this post-conviction action. He is also mistaken in that regard. In *Page v. Palmateer*, 336 Or 379, 390, 84 P3d 133, *cert den*, ___ US ___, 125 S Ct 205 (2004), the Oregon Supreme Court held that the principles announced in *Apprendi* do not apply retroactively to Oregon post-conviction proceedings. Later that year, the United States Supreme Court held in *Schriro v. Summerlin*, 542 US 348, 124 S Ct 2519, 159 L Ed 2d 442 (2004), that the aspect of *Apprendi* pertaining to the right to jury trial does not apply retroactively in collateral proceedings. The court expressly reserved for decision, however, the question whether the standard of proof aspect of the *Apprendi* rule applies retroactively in collateral proceedings. *Schriro*, 542 US at ___ , 159 L Ed 2d at 448 n 1. The Oregon Supreme Court later accepted review of this court's decision in *Miller v. Lampert*, 194 Or App 329, 95 P3d 757 (2004), *rev allowed*, 337 Or 555 (2004), suggesting that that court may reconsider its decision in *Page* insofar as it held that the standard of proof aspect of *Apprendi* does not apply retroactively in collateral proceedings.

Nevertheless, for two reasons, that possibility is of no avail to petitioner. First, unless and until the Supreme Court modifies its holding in *Page*, that decision binds this court. Second, petitioner's assertion that *Miller* is on all fours with this case because the petitioner there also failed to preserve his *Apprendi* claims is incorrect. In *Miller*, the petitioner failed to preserve his *Apprendi* claims before the sentencing court for purposes of direct appeal, but they were the cornerstone of his petition for post-conviction relief. Here, petitioner failed to make any *Apprendi* claims before the post-conviction court. There is no authority to support petitioner's argument that any putative retroactive reach of *Apprendi* extends so far as to require the consideration of such claims when they are made for the first time on appeal from a judgment denying post-conviction relief. That is especially true where, as here, *Apprendi* was decided in 2000, and

petitioner filed his amended petition for post-conviction relief in 2003.[2]

Motion for summary affirmance granted.

---

[2] Petitioner does not develop an argument that *Blakely,* which was decided in 2004, announced a watershed rule that, independently of *Apprendi,* retroactively applies to collateral actions—such as this case—that were filed or pending before a post-conviction court after *Apprendi* was decided but were adjudicated before *Blakely* was decided. The few courts that so far have addressed the issue have held that *Blakely* is an extension of *Apprendi* and did not, itself, announce a watershed rule. *See, e.g., U.S. v. Stancell,* 346 F Supp 2d 204, 206 (D DC 2004) (holding that *Blakely* is inapplicable to cases on collateral review); *Mulvihill v. Garcia,* 113 Fed Appx 289, 290 n 1, 2004 WL 2668417 at *1 n 1 (9th Cir 2004) (*Blakely* does not apply retroactively to cases on collateral review); *United States v. Beatty,* 103 Fed Appx 785, 2004 WL 1759028 (4th Cir 2004) ("*Blakely* does not apply in the Section 2255 context."); *Orchard v. United States,* 332 F Supp 2d 275, 277 (D Me 2004) (citing *Schriro* and holding that *Blakely* did not announce a watershed rule).