Robert Zane BOGLE, Petitioner—
Appellant,

v.

Stan CZERNIAK, Respondent—
Appellee.

No. 04–35612.

United States Court of Appeals,
Ninth Circuit.

Submitted * July 15, 2005.

Decided July 22, 2005.

Before: RYMER and KLEINFELD,
Circuit Judges, and WEINER, District

* The Panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a).

Judge.[**]

## MEMORANDUM [***]

The district judge correctly determined that Robert Bogle's federal habeas petition was procedurally defaulted and that Bogle failed to establish that his procedural default should be excused based on the actual-innocence exception.

■ Or.Rev.Stat. § 138.550(3) requires that "[a]ll grounds for relief claimed by petitioner ... must be asserted in the original or amended petition, and any grounds not so asserted are deemed waived...." The statute provides an exception to this rule only when "the court on hearing a subsequent petition finds grounds for relief asserted therein which could not reasonably have been raised in the original or amended petition." As the rule of Or.Rev.Stat. § 138.550(3) is firmly established and consistently applied by the Oregon courts, *see, e.g., Makinson v. Lampert*, 199 Or.App. 418, 112 P.3d 365 (2005) (holding that plain error analysis cannot be applied in derogation of the statutory requirement to reach an issue not raised in the petition), Bogle's failure to raise his claim of ineffective assistance in his original petition, when he reasonable could have done so, resulted in a procedural default.

■ The procedural default bars federal habeas review unless Bogle can demonstrate either cause for the default and actual prejudice as a result of the alleged violation of federal law, or that the failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). Neither the

decision in Bogle's brother's case, which arose from the same criminal episode and found that counsel's failure to object to the state trial judge's improper kidnaping instruction was ineffective assistance, nor the subsequent dismissal of three kidnaping counts in that case, constituted evidence of Robert's innocense, so as to support a miscarriage of justice argument for excusing the default. · *See Schlup v. Delo*, 513 U.S. 298, 324, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995) (claim of actual innocence requires petitioner to "support his allegations of constitutional error with new reliable evidence" not presented at trial); *Bousley v. United States*, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998) ("actual innocence" means factual innocence, not mere legal insufficiency). Accordingly, the district court's determination that the procedural default could not be excused was not error.

AFFIRMED.

[***] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Circuit Rule 36–3.