Argued and submitted November 13, reversed and remanded December 13, 2006

## HENRY BOYD HENDRICKS,
*Respondent,*

*v.*

## Jean HILL,
Superintendent,
Snake River Correctional Institution,
*Appellant.*

## 04-05-3661M; A128814

149 P3d 318

Ryan Kahn, Assistant Attorney General, argued the cause for appellant. With him on the briefs were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Erin G. Rohr argued the cause for respondent. With her on the brief was Chilton, Ebbett & Rohr, LLC.

Before Landau, Presiding Judge, and Schuman and Ortega, Judges.

PER CURIAM

## PER CURIAM

Petitioner filed an amended petition for post-conviction relief pursuant to ORS 138.510 to 138.680, alleging that his attorney at trial in the underlying case provided inadequate assistance in six respects. Five of those allegations revolved around trial counsel's advice about the consequences of a guilty plea, and one dealt with trial counsel's pretrial investigation. The post-conviction court granted petitioner's petition on a different ground, that is, that trial counsel had failed to tell petitioner about a prearraignment plea offer; petitioner argued that he would have taken the offer if he had known about it, and he was prejudiced by not doing so. The state appeals, contending that ORS 138.550(3) precluded the post-conviction court from granting the petition on a ground not asserted by petitioner in his original or amended petition.

■   ORS 138.550(3) provides, in part:

"All grounds for relief claimed by petitioner in a petition pursuant to [the post-conviction statutes] must be asserted in the original or amended petition, and any grounds not so asserted are deemed waived unless the court on hearing a subsequent petition finds grounds for relief asserted therein which could not reasonably have been raised in the original or amended petition."

In *Bowen v. Johnson*, 166 Or App 89, 999 P2d 1159, *rev den*, 330 Or 553 (2000), we confirmed that, as the state argues, ORS 138.550(3) prevents the post-conviction court from granting relief on a ground that the petitioner did not include in his or her petition for relief. *Accord Makinson v. Lampert*, 199 Or App 418, 420-21, 112 P3d 364, *rev den*, 339 Or 230 (2005).

Petitioner concedes that the post-conviction court granted relief on a ground not raised in the petition, contrary to ORS 138.550(3). He argues, however, that, because two weeks elapsed between the time the judgment was signed and the time it was entered, the state had ample time to alert the post-conviction court to its error. Therefore, he concludes, the state can be held responsible for not preserving its claim of error. *See Ailes v. Portland Meadows, Inc.*, 312 Or 376, 380,

823 P2d 956 (1991). The state responds that no rule of civil procedure authorizes preservation of a claim of error in situations such as this one where no opportunity to do so arose before the judgment was rendered. *See State v. DeCamp*, 158 Or App 238, 241, 973 P2d 922 (1999) (party not required to raise objection when party lacks notice and is not present when trial court acted). Petitioner replies that this case differs significantly from the cited precedent because of the two-week interval during which the state did have an opportunity to object.

■         We need not resolve that dispute, however, because, even if petitioner is correct and the claim of error is not adequately preserved, we can review it nonetheless because the error is plain on the face of the record. ORAP 5.45(1). The error involves only a question of law; the point is not reasonably in dispute; and we can discern all of the facts that we need from the face of the record itself. *See State v. Brown*, 310 Or 347, 355-56, 800 P2d 259 (1990). Further, we choose to exercise our discretion to review and correct the error because the state's practical opportunity to respond to the error was minimal or nonexistent.

Reversed and remanded.