Submitted August 31; affirmed on appeal, reversed and remanded for entry of judgment denying petition on cross-appeal November 30, 2016

MICHAEL LEE BOYLES,
*Petitioner-Appellant*
*Cross-Respondent,*

*v.*

John MYRICK,
Superintendent,
Two Rivers Correctional Institution,
*Defendant-Respondent*
*Cross-Appellant.*

Multnomah County Circuit Court
090913472; A154887

385 P3d 1227

James N. Varner filed the briefs for appellant-cross-respondent.

Ellen F. Rosenblum, Attorney General, Paul L. Smith, Deputy Solicitor General, and Michael S. Shin, Assistant

Attorney General, filed the brief for respondent-cross-appellant.

Before Ortega, Presiding Judge, and Egan, Judge, and Lagesen, Judge.

## LAGESEN, J.

Petitioner, who formerly worked as a juvenile probation officer, was convicted by a jury of 45 offenses, including multiple sex offenses involving the minors whom he supervised. He petitions for post-conviction relief on a variety of grounds, including that his trial lawyer was constitutionally inadequate and ineffective in numerous respects. In a detailed opinion, the post-conviction court concluded that the bulk of petitioner's allegations did not warrant post-conviction relief. However, the court determined that petitioner was entitled to relief on his claim that trial counsel was inadequate for not excepting to the trial court's failure to deliver a jury concurrence instruction with respect to Count 46 of the indictment, which charged petitioner with third-degree sexual abuse. Specifically, relying on our decision in *Hale v. Belleque*, 255 Or App 653, 298 P3d 596, *adh'd to on recons*, 258 Or App 587, 312 P3d 533, *rev den*, 354 Or 597 (2013), the court concluded that, because of the similarity between the allegations underlying Count 42, which charged petitioner with sexual abuse in the second degree, and those underlying Count 46, trial counsel was inadequate for not requesting a specific concurrence instruction informing the jury that at least 10 jurors had to agree on the specific factual occurrence that formed the basis for the conviction on Count 46. The court further concluded, again relying on *Hale*, that petitioner was prejudiced by trial counsel's inadequacy because, under *Hale*, "[p]rejudice inures in that it is not possible on the record to determine which underlying facts formed the basis for the conviction." The court then determined that merger of Count 42 and Count 46 was the appropriate remedy for trial counsel's inadequacy with respect to the omission of a concurrence instruction.

Both petitioner and defendant, the superintendent of Two Rivers Correctional Institution, appeal.[1] Petitioner assigns error to the post-conviction court's denial of relief with respect to a number of his other alleged grounds for relief. The superintendent assigns error to the post-conviction

---

[1] The original defendant on appeal was the administrator of Northern Oregon Regional Correctional Facilities, which then had custody of petitioner. After petitioner was transferred to Two Rivers Correctional Institution, we granted defendant's motion to substitute the superintendent of that facility as defendant.

court's grant of relief as to petitioner's jury concurrence instruction claim. We reject petitioner's assignments of error without written discussion and, for the reasons that follow, conclude that the trial court erred in granting relief on petitioner's claim regarding the omission of a jury concurrence instruction. We therefore reverse and remand for entry of a judgment denying the petition for post-conviction relief in its entirety.

As noted, the post-conviction court granted relief based on its determination that trial counsel was constitutionally inadequate and ineffective for not excepting to the trial court's failure to deliver a jury concurrence instruction with respect to Count 46. According to the verdict form, Count 46 was based on petitioner's "[s]exual contact with penis of [JD], then under 18, 8/25/02-11/5/02, dead end road off 82nd St." The court noted that Count 46 was similar to Count 42—which, according to the verdict form, was based on petitioner's "[d]eviate sexual intercourse (oral sex) with [JD], without consent, 8/25/02-11/5/02, dead end road off 82nd St"—and, as we understand the court's reasoning, concluded that reasonable trial counsel would have excepted to the trial court's failure to give a jury concurrence instruction as to Count 46 because there were multiple factual scenarios as to how the alleged contact "with [the] penis of [JD]" could have occurred during the 82nd Street incident— either through the same oral contact alleged in Count 42, or through a touching by hand over, and then under, the victim's clothing. The post-conviction court then concluded that, under *Hale*, petitioner had established prejudice as a matter of law, because it was not possible to determine how the jury reached its verdict.

We review the post-conviction court's judgment for legal error, accepting as true the court's supported factual findings. *Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015). To be entitled to relief on the claim at issue, petitioner was required to prove two elements: that his trial lawyer failed to exercise reasonable professional skill and judgment by not excepting to the trial court's failure to deliver a jury concurrence instruction with respect to Count 46, and that petitioner was prejudiced by that deficiency in counsel's performance. *Mellerio v. Nooth*, 279 Or App 419,

428-29, 379 P3d 560 (2016). For purposes of this appeal, we assume without deciding that the post-conviction court was correct in ruling that trial counsel performed deficiently. Nevertheless, in the light of our recent decision in *Mellerio*, which altered the *Hale* prejudice analysis on which the post-conviction court relied, we conclude that the post-conviction court erred in determining that petitioner was prejudiced as a result of any deficiency in trial counsel's performance.

In *Mellerio*, as here, we addressed claims that the petitioner's trial counsel had been inadequate and ineffective for not requesting jury concurrence instructions with respect to several of the charges against the petitioner. In so doing, we concluded that the Supreme Court's decision in *State v. Ashkins*, 357 Or 642, 357 P3d 490 (2015), required a "considerably more nuanced" approach to assessing whether the omission of a jury concurrence instruction prejudiced a post-conviction petitioner "than the ostensibly categorical construct we applied in *Hale*." *Mellerio*, 279 Or App at 434. That "more nuanced" approach requires a practical focus on the record in the case, including the parties' theories of the case and the evidence presented, to assess whether the omission of a concurrence instruction had a tendency to affect the verdict in the criminal case. *Id.* (holding that the *Ashkins* method for determining whether the erroneous omission of a concurrence instruction is harmless in the context of a direct appeal governs the analysis of whether a post-conviction petitioner was prejudiced by the omission of a concurrence instruction as a result of trial counsel's inadequacy); *see Wilson v. Premo*, 280 Or App 372, 386, 381 P3d 921 (2016) (same).

Applying the *Ashkins* approach here, we are persuaded that petitioner was not prejudiced by the omission of a concurrence instruction as to Count 46. The record, viewed as a whole, refutes the possibility that the jurors were divided as to the factual occurrence that supplied the basis for that conviction, notwithstanding the trial court's failure to deliver a jury concurrence instruction specifically addressing Count 46.

As an initial matter, after discussing with the parties how to ensure that the jury found that each count

was based on distinct occurrences, the trial court specially instructed the jury that, as to each count, 10 or more jurors were required to agree both that "the act" underlying the count occurred, and on the "specific occasion" underlying that count:

> "This being a criminal case, on each count charged, 10 or more jurors must agree on your verdict. As to each crime, each victim, and each count alleged, to return a verdict of guilty, 10 or more jurors must agree that the act occurred as alleged in that count and on a specific occasion distinct from any other occasion."

That instruction alerted the jury of the need for concurrence as to specific conduct underlying the jury's determination of guilt on any particular count. Although that instruction did not highlight the need for concurrence with respect to the conduct underlying Count 46, given its plain terms, the jury would have understood the instruction to apply to all counts charged, including Count 46. The jury thus likely would have understood that it had to have the requisite concurrence as to the "specific occasion" of "sexual contact with [the] penis of [JD]" underlying Count 46.

Beyond that, the evidence developed at trial, the prosecutor's closing argument, and the verdict form, taken together, make it unlikely that the jury convicted petitioner of Count 46 without the required concurrence. JD's testimony supplied the evidence in support of both Count 42 and Count 46. As to those counts, JD testified that one morning after petitioner had picked him up from his foster home, petitioner parked on a dead-end street off of 82nd Street near Helensview School in Portland and then touched JD's genitals, first over his clothes and then under his clothes. Then, JD testified, petitioner placed his mouth on JD's penis and began performing oral sex. In closing argument, the prosecutor emphasized that Count 42 was predicated on the oral sex that took place during that particular incident, and that Count 46 was predicated on the touching of JD's penis over and under his clothes that took place during the same incident:

> "Count 42, Sex Abuse in the Second Degree, for [JD]. [JD] describes how he's living at the * * * foster home and

that this happens before school, that he goes to this dead-end road, that he's touched over the clothes and under the clothes, that he's threatened to go to jail, and that oral sex was performed on him.

"* * * * *

"Count 46, Sex Abuse in the Third Degree. Defendant picks him up at the * * * foster home in the morning. Defendant drives to the dead-end road on Helens View [*sic*]. Defendant touches [JD's] penis over his clothes and then under his clothes."

The verdict form then underscored the state's theory of the case, describing Count 42 specifically as being about the "oral sex" that occurred during the 82nd Street incident, and Count 46 as being about the "sexual contact with [the] penis of [JD]" that took place at 82nd Street. In view of JD's testimony about the 82nd Street event; the prosecutor's explanation that Count 42 was predicated on the oral sex during the 82nd Street incident and that Count 46 was predicated on the touching of JD's penis over and under his clothes during the 82nd Street event; and the verdict form's confirmation that Count 42 was about the oral sex at 82nd Street and that Count 46 was about the contact with JD's penis at 82nd Street, there is little likelihood that the jury failed to concur on the factual occurrence underlying Count 46. The only factual basis for that charge that was urged to the jury was petitioner's act of touching JD's penis over and under JD's clothes during the 82nd Street incident. Under those circumstances, there is no reason to think that the members diverged in their views as to what conduct constituted that offense, and petitioner was not prejudiced by the omission of a jury concurrence instruction targeting Count 46. The trial court's contrary conclusion—although consistent with *Hale*—therefore is erroneous in the light of the "more nuanced" approach to prejudice that we have since adopted in *Mellerio*.

We must address one additional point. The superintendent points out that, although it is not entirely clear from the post-conviction court's decision, the court may also have determined that petitioner is entitled to post-conviction relief based on trial counsel's failure to argue to the trial

court that petitioner's conviction on Count 42 should merge with his conviction on Count 46, even though the claim on which the court expressly granted relief was petitioner's claim that trial counsel was inadequate and ineffective for not excepting to the omission of a concurrence instruction. The superintendent contends that, to the extent the post-conviction court's judgment can be construed to grant relief based on trial counsel's failure to urge merger, the judgment is erroneous. We agree. The post-conviction petition does not allege a claim that trial counsel was inadequate and ineffective for failing to argue merger with respect to Counts 42 and 46. That omission precludes post-conviction relief on the ground that trial counsel was inadequate and ineffective on that basis. *Hendricks v. Hill*, 209 Or App 812, 813, 149 P3d 318 (2006) (a post-conviction court cannot grant relief on a claim not alleged in the petition); *Bowen v. Johnson*, 166 Or App 89, 92-93, 999 P2d 1159, *rev den*, 330 Or 553 (2000) (same).

Affirmed on appeal; reversed and remanded for entry of judgment denying petition on cross-appeal.