**This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).**

Submitted August 16, affirmed September 13, 2023, petition for review denied February 15, 2024 (372 Or 63)

SHANE DAVID SAMUEL,
*Petitioner-Appellant,*

*v.*

Brandon KELLY,
Superintendent,
Oregon State Penitentiary,
*Defendant-Respondent.*

Marion County Circuit Court
19CV06772; A176415

Patricia A. Sullivan, Senior Judge.

Jedediah Peterson and O'Connor Weber LLC filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Rolf C. Moan, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

Petitioner appeals a general judgment denying his claims for post-conviction relief, raising four assignments of error. In those four assignments, petitioner asserts that the post-conviction court erred when it denied relief on petitioner's first, fourth, fifth, and seventh claims for relief. Accepting the post-conviction court's findings of historical fact if those findings are supported by the evidence in the record and reviewing the post-conviction court's denial of relief for legal error, *Cartrette v. Nooth*, 284 Or App 834, 840, 395 P3d 627 (2017), we affirm.

To demonstrate that he received inadequate assistance of counsel under Article I, section 11, of the Oregon Constitution, "petitioner must prove two things, commonly referred to as the performance and prejudice prongs: (1) that trial counsel failed to exercise reasonable professional skill and judgment and (2) that petitioner suffered prejudice as a result." *Boswell v. State of Oregon*, 305 Or App 515, 519, 469 P3d 846, *rev den*, 367 Or 387 (2020) (internal quotation marks omitted). The standard for assessing whether trial counsel's deficient performance prejudiced a petitioner who was convicted after a trial is "whether the deficient performance could have affected the outcome of the case." *Maxfield v. Nooth*, 278 Or App 684, 688, 377 P3d 650 (2016) (emphasis omitted). To demonstrate ineffectiveness of counsel under the Sixth Amendment to the United States Constitution, a petitioner must make a "functionally equivalent" showing: (1) that "trial counsel's performance fell below an objective standard of reasonableness," and (2) that "there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Boswell*, 305 Or App at 519 (internal quotation marks omitted).

*Petitioner's First Claim for Relief.* In his first claim for relief, petitioner argued that constitutionally effective trial counsel would have moved for a judgment of acquittal concerning the charge against petitioner for endangering the welfare of a minor, ORS 163.575(b), on the basis that the state did not offer sufficient evidence at trial to prove that petitioner "permitted" a four-year-old child to be present

in petitioner's house. Petitioner argues that such a motion would have been supported by *State v. McBride*, 352 Or 159, 281 P3d 605 (2012), where the court held that "permit," as used in ORS 163.575(b), requires the state to "demonstrate that [a] defendant engaged in some affirmative conduct authorizing or otherwise making it possible for the minor[] to enter or remain in the home." *Id.* at 168.

The post-conviction court determined that petitioner's trial counsel deliberately did not make an argument based on *McBride* and that that "was a sound tactical decision based on the facts of the case." We note that, instead of making an argument based on *McBride*, trial counsel argued that petitioner did not know the four-year-old child was present in petitioner's home.

We conclude that the post-conviction court did not err in determining that petitioner failed to satisfy the "performance" prong of his first claim for post-conviction relief. In our view, the evidence presented at trial would have allowed the jury to find that petitioner did, in fact, "permit" the four-year-old child to enter and remain within the meaning of ORS 163.575(b): The evidence presented at trial would have allowed a jury to determine that the home was petitioner's home; that petitioner exercised control over access to the home; and that petitioner himself was in the home and seated next to the child's mother when police discovered the child in a room adjacent to the room petitioner was in. Therefore, trial counsel did not "fail[] to exercise reasonable professional skill and judgment" by not moving for a judgment of acquittal based on *McBride*.

*Petitioner's Fourth Claim for Relief.* In his fourth claim for relief, petitioner argued that appellate counsel was ineffective for failing to "properly assign error to the trial court's denial of [petitioner's] motion to suppress." As petitioner sees it, trial counsel preserved an argument that certain evidence should have been suppressed because information in the affidavit that was used to obtain a search warrant was "stale," and his appellate counsel was ineffective for failing to raise that meritorious argument on appeal.

The post-conviction court determined that petitioner was "unable to show that this claim of error would

have been successful on appeal," noting that "[a]ppellate [c]ounsel considered and researched this issue and concluded the issue was not a meritorious claim for appeal" and that "petitioner is not able to show otherwise."

We conclude that the post-conviction court did not err when it concluded that petitioner failed to establish that competent appellate counsel would have asserted the "staleness" claim on appeal. *Guinn v. Cupp*, 304 Or 488, 496, 747 P2d 984 (1987) ("A plaintiff seeking post-conviction relief stemming from a claim of inadequate assistance of appellate counsel for failing to assert a claimed error must establish *** that a competent appellate counsel would have asserted the claim[.]"). The affidavit in support of the search warrant provided probable cause to believe that a search of petitioner's home would reveal illegal narcotics or other evidence of an ongoing drug-trafficking enterprise, including an averment reflecting that methamphetamine had been sold from petitioner's address within the previous 10 days.

*Petitioner's Fifth Claim for Relief.* In his fifth claim for relief, petitioner argued that his trial counsel was ineffective for failing to "properly object when, in response to the state's question about how someone can inject methamphetamine in someone else, [one of the state's witnesses] gave a non-responsive answer about how drug dealers groom young women into becoming addicted to methamphetamine." Petitioner asserts that the witness's "grooming" answer was "unresponsive, irrelevant, and only served to inflame the passions of the jury."

The post-conviction court determined that, had "trial counsel objected, the objection would have been likely to be sustained," but noted that the testimony petitioner takes issue with was only a "small snippet of testimony, and clearly not dispositive of the case." The post-conviction court determined that "[p]etitioner is unable to show that objection to the testimony, which would have drawn attention to it, and exclusion of the statement, would have changed the outcome of the trial, given the evidence against [p]etitioner."

Regardless of whether competent trial counsel would have objected to the testimony described in petitioner's fifth

claim for relief, we conclude that the post-conviction court did not err in determining that petitioner failed to meet his burden to show prejudice. Given the nature of the charges against petitioner and the evidence presented at trial, petitioner is unable to show that "there was a reasonable probability that *** the result of the proceeding would have been different," *Boswell*, 305 Or App at 519 (internal quotation marks omitted), had trial counsel objected to the "non-responsive answer about how drug dealers groom young women into becoming addicted to methamphetamine."[1]

*Petitioner's Seventh Claim for Relief.* Petitioner contends that the "cumulative prejudice from the errors [described in petitioner's various claims for relief] entitles petitioner to relief." As petitioner sees it, even if each purported error was not "sufficient on [its] own to establish prejudice, the cumulative effect of the errors could have affected the jury's verdict."

The post-conviction court determined that cumulative error "is not recognized as a ground of Post-Conviction Relief in Oregon, and in any event, Petitioner has not shown a factual basis for this claim."

We conclude that the post-conviction court did not err. Oregon courts have not "recognized a cumulative error theory" of prejudice. *Monica v. Myers*, 319 Or App 376, 386, 510 P3d 238, *rev den*, 370 Or 212 (2022) (so noting). But, even if we had, the only potential error identified by petitioner was that error identified in his fifth claim for relief and, as described above, petitioner did not demonstrate prejudice with respect to that claim.

Affirmed.

_____

[1] On appeal, we understand petitioner to also contend that trial counsel was ineffective for failing to object to testimony about methamphetamine coming into the United States from "Mexican cartels" and testimony about how "drug dealers *** bundl[e] their money." But those points were not raised in petitioner's post-conviction petition and, therefore, present no basis for reversal. *Hendricks v. Hill*, 209 Or App 812, 813, 149 P3d 318 (2006) ("ORS 138.550(3) prevents the post-conviction court from granting relief on a ground that the petitioner did not include in his or her petition for relief."); *Bowen v. Johnson*, 166 Or App 89, 92, 999 P2d 1159, *rev den*, 330 Or 553 (2000) ("[T]he allegations in the petition frame—indeed, limit—the issues for determination by the post-conviction court.").