No. 284 May 1, 2024 403

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

KRISTIN STUCKRATH,
*Petitioner-Appellant,*

*v.*

NICHOLE BROWN,
Superintendent,
Coffee Creek Correctional Institution,
*Defendant-Respondent.*

Washington County Circuit Court
19CV48192; A176159

Patricia A. Sullivan, Judge.

Submitted May 23, 2023.

Margaret Huntington and O'Connor Weber LLC filed the opening brief for appellant. Kristin Stuckrath filed the supplemental brief *pro se.*

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Joanna Hershey, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Hadlock, Senior Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

Petitioner appeals a judgment denying her petition for post-conviction relief from convictions for five counts of using a child in display of sexually explicit conduct, ORS 163.670. She raises a single assignment of error through counsel and various *pro se* assignments of error. Accepting the post-conviction court's supported implicit and explicit factual findings and reviewing for legal error, *Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015), we affirm.

In the assignment of error that she raises through counsel, petitioner contends that the post-conviction court erred "by denying relief on petitioner's claim that her constitutional rights were violated when trial counsel conceded petitioner's guilt without her consent." In the post-conviction court, that claim—which was petitioner's third claim for relief—was brought as a "standalone constitutional claim" for violation of her "right to autonomy under the Sixth Amendment to the United States Constitution" as interpreted in *McCoy v. Louisiana*, 584 US 414, 138 S Ct 1500, 200 L Ed 2d 821 (2018).

As an initial matter, to the extent that petitioner is arguing, on appeal, that her third claim for relief should be considered as an ineffective assistance of counsel claim, that was not the basis for her third claim for relief in her amended petition for post-conviction relief, which was brought as a standalone constitutional claim, and she did not preserve such an ineffective assistance claim in the post-conviction court. *State v. Reynolds*, 250 Or App 516, 519, 280 P3d 1046, *rev den*, 352 Or 666 (2012) ("Generally, an appellate court will not consider an unpreserved issue on appeal."); *Bowen v. Johnson*, 166 Or App 89, 92, 999 P2d 1159, *rev den*, 330 Or 553 (2000) ("[T]he allegations in the petition frame—indeed, limit—the issues for determination by the post-conviction court."). In particular, we note that, during argument in the post-conviction court, petitioner emphasized that her third claim for relief was a "standalone constitutional claim" based on *McCoy*.

In any event, on appeal, regarding her third claim for relief, petitioner contends that the post-conviction court

engaged in the "wrong factual inquiry" under *McCoy* and *Thompson v. Cain*, 295 Or App 433, 433 P3d 772 (2018), when it denied relief, notwithstanding that the trial court expressly found that "[t]he record in this case does not support [p]etitioner's claim that she told Trial Counsel not to concede guilt." Relying on *Thompson*, petitioner argues that we should remand for the post-conviction court to "engage in the proper factual inquiry."

Petitioner's reliance on our disposition in *Thompson* is misplaced. It is true that, in *Thompson*, we remanded for the post-conviction court to "evaluate whether trial counsel's strategy to concede sexual contact between defendant and victim during closing met constitutional standards, as clarified by *McCoy* and this opinion." 295 Or at 443. But *McCoy*—which we characterized in *Thompson* as "clarify[ing] counsel's obligations with regard to a concession of guilt"—was decided while the appeal in *Thompson* was pending. Thus, the post-conviction court in *Thompson* did not have the benefit of the clarification of the law provided by *McCoy* when it reached the conclusion that it did and made the findings that it did to support that conclusion.

This case is different. Here, petitioner points to no "clarification" of the law after the post-conviction court's decision, nor does the record indicate that the post-conviction court applied the wrong legal standard when it rejected petitioner's third claim for relief. *Cf. Green*, 357 Or at 323 ("Because the post-conviction court appears to have applied the wrong legal standard for prejudice, it is inappropriate to affirm the post-conviction court's judgment on prejudice grounds on the record before us."). In this case, remanding for further factual findings, as petitioner asks us to do, would be inconsistent with our standard of review, under which, subject to certain limitations that are not applicable here, we "presume that a trial court implicitly resolves factual disputes consistently with its ultimate conclusion," *Pereida-Alba v. Coursey*, 356 Or 654, 670-71, 342 P3d 70 (2015), including accepting "reasonable inferences and reasonable credibility choices that the trial court could have made," *M. A. B. v. Buell*, 308 Or App 98, 103, 479 P3d 1087 (2020) (internal quotation marks omitted).

Given that standard of review, we reject petitioner's argument that the post-conviction court did not make the factual findings required to support its denial of petitioner's third claim for relief.

We next turn to petitioner's *pro se* assignments of error. Petitioner contends that the post-conviction court erred in denying her first, second, and fourth claims for relief, in which she asserted that trial counsel provided inadequate assistance by "fail[ing] to properly advise" her of the terms of the state plea offer, by failing to advise her of the likelihood that she would receive a mandatory 300-month sentence if she was found guilty of more than one count, and by failing to explain the legal issues of "'simulating' a sexual act, and the caselaw that outlines the criminal culpability of simulating a sexual act with a child for the viewing purposes of another, that would be presented to the court at her trial."

Those arguments are also foreclosed by the post-conviction court's factual findings—among them, that "[p]etitioner chose to take her chances at trial" and "did not make th[at] choice because of incorrect advice by Trial Counsel," that "[p]etitioner is not credible that she was unaware of the mandatory minimum sentence or that Trial Counsel failed to discuss it with her," and that "[p]etitioner's claim that she did not understand the law regarding simulating sexual activity when she waived jury and that had she understood this she would have proceeded to a jury trial is not credible, or plausible"—which are binding on appeal.

Finally, petitioner raises an unpreserved *pro se* argument, *viz.*, that she was denied effective assistance of counsel because she was not advised about her right to a unanimous jury verdict, which led her to waive her right to a jury and proceed with a bench trial. As noted, that argument is unpreserved. But even if it was preserved, it is foreclosed by *Smith v. Kelly*, 318 Or App 567, 508 P3d 77 (2022) (counsel was not constitutionally deficient for failing to advise his client that *Apodaca v. Oregon*, 406 US 404, 92 S Ct 1628, 32 L Ed 2d 184 (1972), could be overruled).

Affirmed.